CASE 59.—ACTION BY J. S. JACKSON, SR., AGAINST TOBIAS STEGER.—May 22, 1907.

## Steger v. Jackson, Sr.

Appeal from McCracken Circuit Court.

From the judgment both parties appeal.—Affirmed.

1. Principal and Surety—Discharge of Surety—New Promise—Validity.—A promise by a surety on a note discharged from liability to pay the obligation is not enforceable unless based on a new and sufficient consideration.

2. Same—Consideration—Sufficiency.—A surety on a note was released under Ky. St. 1903, section 2551, for a failure to sue thereon within seven years after the accrual of the cause of action. Thereafter the payee accepted a renewal note for the same sum from the same makers with the same surety as surety. Held, that the extension of time given by the payee to the makers was a sufficient consideration to support the promise of the surety to pay the new note.

3. Bills and Notes—Actions—Issues—Presumptions.—The petition in an action on a renewal note declared on the note in the usual form. The defense by the surety rested on the ground that the new note was only a renewal of the original

note, and that at the time of the execution of the renewal note the surety was released from liability on the old note by limitations, and that, in ignorance of his legal rights, signed the new one without consideration. Held, that the court must assume that the new note was accepted in discharge of the original note, and that a consideration for the obligation of the surety of the new note existed.

4. Same—Renewal Notes—Discharge of Original Notes—Presumptions.—Where a new note is executed and accepted in place of an old one, though the amount and parties be the same, the court, in the absence of facts showing a contrary intention, will presume that the original note is extinguished, though the payee may enforce liens securing it.

HENDRICK, MILLER & MARBLE for appellant.

F. E. GRAVES for appellee.

OPINION OF THE COURT BY JOHN D. CARROLL, COMMISSIONER—Affirming.

Appellee brought this suit upon a note for one thousand dollars, dated June 1, 1904, due twelve months after date, and signed by Edward M. and Emma O Hansen and appellant.

In his answer, appellant sought to defeat a recovery against him upon the ground that the note sued on was a renewal of a note for one thousand dollars executed in 1894 by Edward M. and Emma O. Hansen to appellee with appellant as surety. That when he signed the note sued on, he had been released as surety on the original note by the seven years statute of limitation, but was ignorant of this fact when the renewal note was presented to and signed by him, that there was no consideration upon his part for the execution of the new note, and he signed it under the belief that he was then bound as surety upon the original note, and would not have signed it had he known that he was relieved from liability on the first note.

The only witness introduced was appellant, who testified in substance to the above facts, and also that no representations or statements were made to him before or at the time he signed the note sued on except that appellant said he wanted a new note, nor was any fraud or deceit of any character practiced.

At the time appellant signed the note sued on, he had been released from liability upon the original note by the statute of limitation found in section 2551 of the Kentucky Statutes, providing that "a surety in any obligation or contract * * * shall be discharged from all liability thereon when seven years shall have elapsed without suit thereon after the cause of action accrued." And if he had been sued on this note, he could have relied on the statute and thereby defeated a recovery. After a surety has been released from liability on an obligation, a promise by him to pay the demand from which he has been discharged will not be obligatory unless it is based upon a new and sufficient consideration. So that, the real question to be determined is, does the note sued on rest upon such a consideration as will bind the surety? The payees in the original note at the time the renewal was executed could at once have brought suit against the payors, but by accepting the new note their right of action was suspended for one year, and within that period they could not bring suit against the makers. In other words, they granted to the persons bound upon the original note an extension of time in consideration of the execution of a new note. This extension of time was a sufficient consideration to support the obligation of appellant as surety in the new note. Although appellant as surety in the original note was released, yet the principals therein remained bound, and the fact that by the execution of

a new note an extension of time was granted to them was sufficient to uphold the consideration moving between appellant and the payee in the note. It was not necessary that any consideration should have passed directly between the payee in the note and appellant, nor that the appellant as surety should receive any benefit or advantage, or the payee suffer as to him any detriment or loss. The fact that the principals in the original note, or either of them, obtained by the execution of a new note an extension of time, was sufficient to hold the person who signed the note, although as surety, granting the extension. The word "consideration" is variously defined, but generally it may be said that any damage or suspension of a right or possibility of a loss occasioned to the plaintiff by the promise of another is a sufficient consideration for such promise and will make it binding, although no actual benefit accrues to the party promising. Hendrick v. Lindsey, 93 U. S. 143; Page on Contracts, section 274; Bouvier's Law Dictionary, title "Consideration." Tested by this definition, which is generally approved, the suspension of the right of the payee in the note to institute an action against the principals for one year or the possibility that during that time a loss might be sustained by him, was a sufficient consideration to bind appellee, although he received no benefit or advantage whatever from the contract. The fact that the renewal note was for the same amount as the original note and executed to and by identically the same parties does not affect the question that by its execution an extension of time was granted to the persons bound on the original note. And upon this proposition alone rests the liability of the surety.

It is said for appellant that the execution of the
new note as a mere renewal of the old one, the notes
being for the same amount and executed by and to
the same parties, did not extinguish the old obliga-
tion or amount to what is termed a novation; that it
was in fact the same debt with the  same  liabilities
and obligations, and the status of appellant who was
surety in the old note was not changed by his signa-
ture to the renewal.   There is a line of cases holding
that under facts like these, the new note does not
amount to a satisfaction of  the  original obligation,
and that where the original note is retained by the
payee, he may institute an action upon it disregarding
the renewal note, and that the renewal note cannot
be pleaded in bar to  the action upon  the old note.
Bank of Commonwealth v. Letcher, 3 J. J. Mar. 195;
Adams v.  Branch, 3 Ky. Law Rep.  178; Bank of
America v. McNeil, 10 Bush 54.  In the record before
us, the question as to whether or not the note sued on
was accepted in satisfaction and discharge of the ori-
ginal obligation is not directly put in issue.   The pe-
tition declares on the new note in the usual form, and
the defense is rested solely upon the ground that the
new note was only a renewal of the original debt, and
that at the time of its execution appellant as surety
was released from liability upon the old note by the
statute of limitation, and in ignorance of  his  legal
rights signed the new one, there being no considera-
tion for his signature.   With the record in this con-
dition, we must assume that the new note was accepted
in discharge and satisfaction of the original indebted-
ness; and that if the payee had instituted an action
upon the  original note the  obligors in the  new note
could have pleaded it in bar of a recovery.   In addi-
tion to this, we are of the opinion that when a new

note is executed and accepted in place of an old one, although the amount and parties may be the same, that in the absence of facts manifesting a contrary purpose or intention, it must be held to have extinguished the original evidence of indebtedness and to have been accepted in discharge and satisfaction of it, and therefore an action will not lie on the original paper. If, however, the original debt is secured by liens of any character, or the payee is entitled to any larger remedies against the obligors growing out of the transaction when it originally accrued, than he would be if the renewal was the beginning of it, these rights and remedies will not be lessened or disturbed by the mere fact of the renewal, but will attach to and became a part of it. Thus, if a debt is created before the purchase of a homestead, no matter how many times the evidence of the indebtedness may be changed, the creditor may subject to its payment the homestead of the debtor if it was purchased subsequent to the creation of the debt, although prior to the time when the evidence of it was changed as from an open account to a note. And so, if the original debt was secured by pledge lien or other security, the renewals of the paper evidencing the indebtedness would not affect the lien in the absence of some testimony showing an intention to release or discharge it, and this because the debt remains the same, only the evidence of its existence is changed. There is no question about the correctness of the proposition that when a surety is discharged from liability his promise to pay the debt even if it be in writing will not be legally binding upon him unless it is made upon a sufficient consideration. Emmons v. Overton, 18 B. Mon., 642; Warren v. Font, 79 Ky. 1. But the note

sued on was, as we have seen, executed for a new and sufficient consideration.

Wherefore, the judgment of the lower court is affirmed.