## Davis, et al., v. Bank of Clarkson.

(Decided June 21, 1911.)

### Appeal from Edmonson Circuit Court.

Principal and Surety—Agreement to Extend Time of Payment.—Where a note is executed in renewal of a previous note from which the sureties have been released and the sureties sign the renewal note without any fraud or deceit of any character practiced upon them, they are bound by it, as there was a sufficient consideration.

J. V. CARDNER and N. T. HOWARD for appellant.

M. M. LOGAN and ORA HAZELIP for appellee.

Opinion of the Court by Judge Nunn—Affirming.

"Brownsville Deposit Bank, Brownsville, Ky., Dec. 30, 1909. ———————— after date we promise to pay to the order of Bank of Clarkson five hundred dollars ($500.00) and attorneys fees.    Without defalcation. Value received.   Negotiable and payable at the Brownsville Deposit Bank, Brownville, Ky., with ——— per cent. interest per annum after maturity until paid.   Present, notice and protest are hereby waived by all who may become parties to this note as makers, endorsers or otherwise.   We, the sureties, grantors and endorsers hereon agree to extensions of this note without notice by payment or interest, and this is a renewal of a note for same amount to same bank.

"JOHN D. DAVIS,
"J. C. DORSEY,
"ASA DAVIS."

Appellants answered and averred that John D. Davis was principal and J. C. Dorsey and Asa Davis were sureties on the note; that it was executed February 5, 1910; that it was not dated at the time it was executed; that no date for payment was fixed; that thereafter the bank or its agent filled the blank and made the date of its execution December 30, 1910, but did not fill the blank as to the time it was to be paid; that the note was executed as a renewal of a previous note of that amount; that they first executed a note to the Grayson County Bank for the same amount in 1901, which remained due and unpaid until the year 1908; that John D. Davis, the principal, paid the bank the interest in advance and by agreement with the bank obtained in that way an extension of the time of payment without the knowledge or consent of the sureties and they were therefore released; that they without any knowledge or information that they had been released and believing that they were bound as sureties on the old note, executed a new note to the Bank of Clarkson, appellee, for the same amount, in 1908, due four months after date, and the principal, John D. Davis, paid the interest on it in advance for an extension of time of payment, without their knowledge or consent, and that as they were induced to execute the note sued on without any knowledge or information of either extension of time by the payment of interest in advance, they were released from liability thereon.   They

filed an amended answer which contained the following allegations:

"Comes J. C. Dorsey and Asa Davis, and for amended answer say that on January 20, 1910, the maker of this note, John D. Davis, paid to the representative of said plaintiffs, its president, $15.00, by which and for which the plaintiff agreed to extend this debt to six months beyond December 30, 1909; that the said president and representative of said bank accepted same and that the time was therefore extended to June 30, 1910, and same is not due now or enforceable.

"That by the acts above set out plaintiff extended the date due and same was done without their knowledge or consent and that therefore they are released by same.

"Which fact they plead in bar of plaintiff's right to recover of these defendants any part of said note."

Later they filed a second amended answer which is as follows:

"The defendants, Asa Davis and J. C. Dorsey, plead by way of amended answer that at the time of the signing of the note in suit they, said Asa Davis and J. C. Dorsey, were sureties on a note of which this was a renewal and that the representative of the bank informed him, Dorsey, that unless an additional surety was given on the new note, that is other than Dorsey and Davis or $100.00 paid he would not accept the note, and he signed same with said agreement and understanding."

A demurrer was overruled to these amended answers, and on motion, the court required defendants to elect which of the defenses they would rely on, that contained in the first or second amended answers, and they elected to rely on the one set up in the second. This was error, for the defenses, if any, contained in the answers were not inconsistent. The demurrer, however, should have been sustained to both of them as they presented no defense. The second amendment charged that the bank refused to renew the note unless $100.00 was paid on it or additional surety obtained. This was for the benefit of the bank alone, and as the sureties were bound on the old note it made no material difference with them whether they remained bound on the old one or became bound on the new one. The bank seems to have changed its mind when it failed to get the $100.00 or additional surety and accepted the note. As stated, the new note

has no time fixed for its payment. Appellants in their original answer stated that it was executed February 5, 1910, but that the date was left blank and the bank afterwards filled it out and fixed the date of its execution as of December 30, 1909, and in their first amended answer they stated that the $15.00 was paid by the principal for six months extension of time, on January 20, 1910. If this be true the extension of the time was granted before the execution of the note sued on and was one of the agreed extensions of the previous note, and could have no bearing on the note in suit. There is an unbroken line of decisions to the effect that where a principal in a note, without the knowledge or consent of the sureties, contracts with the payee for a valuable consideration for an extension of time for the payment of the note beyond the date of payment as fixed in the note, this, ipso facto, releases the sureties from liability on the note. (See the case of Robinson v. Miller, 2 Bush, 179, and the many authorities therein cited.) But where a note is executed in renewal of a previous note from which the sureties have been released and the sureties sign the renewal note without any fraud or deceit of any character practiced upon them, they are bound by it, as there was a sufficient consideration. The principal was bound on the old note notwithstanding the extension, and when the securities signed the new note and thereby obtained for the principal an extension of time within which to pay, there was a sufficient consideration to bind them. This was decided in the case of Steger v. Jackson, Sr., 139 Ky., 491. That was a case in which the surety was released by reason of a statute of limitation, but not being aware of it he signed a renewal note and the court held the surety was bound, although he was released from the previous obligation.

For these reasons, the judgment of the lower court is affirmed.