## Burnett v. Young Men's Building & Loan Association.

(Decided October 1, 1913).

### Appeal from Graves Circuit Court.

1. Mortgages—Purchaser of Real Estate Subject to Mortgage—Usury As Defense to Action by Mortgagee.—Where one purchases real estate subject to a mortgage debt, containing usury, and, as a part of the consideration assumes the payment of the mortgage debt, he cannot, in an action by the mortgagee to enforce the mortgage lien, set up the usury as a defense.
2. Mortgages—Purchaser of Real Estate Subject to Mortgage.—The principle upon which this rule rests is, that the mortgagor may, if he thinks proper to do so, waive the usury and elect to affirm the mortgage by selling and conveying the property subject to the lien, in which event the purchaser cannot question its validity on the ground of usury; for to allow such defense would permit him to escape the payment of a part of the purchase price of the property bought by him.

HESTER & HESTER for appellant.

JOHNSTON & WYMAN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellee, Young Men's Building & Loan Association of Mayfield loaned one Warren New $600, secured by a mortgage on a house and lot in that city. Under the contract between the parties, New became the owner of a certain amount of the capital stock of the building and loan association and was required to make monthly payments of dues, interest, and premiums on the loan, his indebtedness upon the loan being evidenced by a note in addition to the mortgage. Later New executed a second mortgage on the property to Mrs. Emma J. Slaughter for a loan obtained of her. Thereafter, he became unable to meet the monthly payment of dues, interest and premiums to the building and loan association, and the loan having in the meantime matured, he was sued for the amount due upon the note and mortgage, to pay which a judgment enforcing the mortgage lien by sale of the property was sought.

To this action New made no defense, but, during its pendency, he sold and by deed conveyed to the appellant, Pete Burnett, the house and lot upon which he had executed the mortgages to the building and loan association and Mrs. Slaughter. The consideration expressed in the deed was the undertaking, on the part of appellant, Burnett, to assume and pay the indebtedness of New on the note and mortgage which he had executed to appellee. Appellant had, in the meantime, by an arrangement with Mrs. Slaughter, obtained from her a release of the second mortgage upon the property by executing to her his individual note for the amount of the mortgage debt.

After receiving the deed from New, appellant filed in New's name what purported to be the latter's answer to the petition of the building and loan association, in which it was alleged that the debt of the building and loan association, secured by mortgage upon the house and lot and which then amounted to $541.44, contained usury to the amount of $46.04, which sum it was alleged should be credited on the debt, and if done, would leave due thereon only $495.40. After the filing of this answer, New filed his affidavit in the case in which he stated that the filing of the answer was unauthorized by him, and it was, upon his motion, stricken from the record. Thereafter, appellant, Burnett, filed a petition asking to be made a party defendant to the action and that same be taken as his answer to the petition of the

building and loan association, and later filed a further pleading, styled an amended answer. In each of these pleadings he set up and relied upon the matter of usury pleaded in the answer he had filed in the name of New, alleging that, in purchasing from New the house and lot upon which the building and loan association held the mortgage, he assumed to pay to the latter the amount due it upon the loan which it had made to New less the usury contained therein. To the petition and answer of appellant as thus amended, the building and loan association filed a demurrer, which the circuit court sustained, and appellant refusing to plead further, judgment was rendered in favor of appellee against Warren New for $541.44, balance due upon the mortgage debt, with six per cent interest from July 4, 1912, and costs of suit; also for the enforcement of the mortgage lien and a sale of the mortgaged premises for the payment thereof. Of the judgment and the ruling of the court in sustaining the demurrer to appellant's petition and answer as amended, he complains; hence this appeal.

The only question presented by the appeal is: Had appellant, as purchaser of the house and lot in question, with actual notice of the mortgage existing thereon in favor of appellee, building and loan association, and in view of his assumption of the mortgage debt, the right to have it purged of the usury pleaded by him? In our opinion, he did not possess such right, for it is well settled that, where one purchases land subject to a mortgage and, as a part of the consideration, agrees to pay the mortgage debt, he cannot set up usury as a defense in an action to enforce the mortgage lien. Brock's Heirs v. Elliott, 8 Rep., 537; Mann v. Bank of Elkton, 20 Rep., 1033; Nance v. Gregory, 6 Lea, 343; Cramer v. Lepper, 26 Ohio, 59; Freeman v. Auld, 44 N. Y., 50; B. & L. Ass'n. of Dakota v. Price, 46 S. W., 92; Jones on Mortgages, Secs. 644, 745, 1494. It is shown by appellant's own pleading not only that he had notice of the mortgage lien but that he agreed to pay the mortgage debt as a part of the consideration for the house and lot.

The principle upon which this rule rests is, "that the mortgagor may, if he thinks proper to do so, waive the usury and elect to affirm the mortgage by selling and conveying the property subject to the lien, and in that event the purchaser cannot question its validity on

the ground of usury." Rhodes v. Henderson Building & Loan Ass'n., 13 Rep., 778.

A surety or junior mortgagee may make defense upon the ground of usury, but to allow a purchaser of mortgaged property who, like appellant, had, as a consideration therefor, assumed the payment of the mortgage debt, would be to permit him to escape the payment of a part of the purchase price of the property brought by him. We do not overlook the plea of appellant that, in purchasing from New the mortgaged property, he assumed the payment only of what was legally due on the mortgaged debt, that is, he undertook to pay the debt exclusive of the usury, but this plea contradicts the language of the deed he received from New which in express terms recites that the conveyance was made "for the consideration of one dollar, in hand paid, the receipt of which is hereby acknowledged, and for the further consideration of said grantee assuming and agreeing to pay a six hundred dollar note, due and payable to Y. M. B. & L. Ass'n. of Mayfield, Ky. Said note due October 25, 1910, and secured by mortgage of record in M. B., 55, page 274, Graves County court clerk's office." And it is not alleged by appellant that there was any fraud or mistake in the preparation or execution of the deed.

Manifestly, the liability therein assumed by appellant was without limitation as to the amount or as to the exclusion of usury, and this being true, whatever usury was contained therein was a part of the consideration to be paid for the house and lot upon which the mortgage existed. We quite concur, therefore, in the conclusion of the circuit court that the petition and answer of appellant as amended presented no defense to the enforcement of appellee's mortgage lien for the payment of the amount claimed by it in the petition. Wherefore, the judgment is affirmed.