## Williams v. Eagle Bank.

(Decided December 5, 1916.)

### Appeal from Ballard Circuit Court.

1. Usury—Rights and Remedies of Parties.—As long as the principal obligor remains bound, he may purge the transaction of usury, although there may have been renewals with additional obligors, or the omission of some.

2. Usury—Usurious Contracts and Transactions.—A stranger to the usurious debt who agrees for a valuable consideration between himself and the debtor to pay the entire debt, including the usury,

may not avail himself of the plea of usury in a proceeding by the creditor to collect it from him, nor can a credit be obtained for the usury when the agreement to pay it forms a part of the consideration for the purchase of real estate.

3. Usury—Rights and Remedies of Parties.—Where one of two partners, in consideration of the conveyance to him by the other partner of the latter's entire one-half interest in and to the real estate owned by the firm, agrees to pay the specified debts of the firm, and afterwards executes his individual obligations therefor, in a suit on his individual obligations so executed may plead usury exacted from the firm by the creditor to the extent of one-half of it, but he cannot obtain credit for the half which he agreed with his partner to pay as a consideration for the real estate.

C. W. WELLS, W. FOSTER HAYES, J. R. HAYS and J. B. WICKLIFFE for appellant.

BEN D. RINGO for appellee, Bank, and FRANK C. MALIN for appellee, Pedley, receiver.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Prior to January 30, 1904, the appellant, H. A. Williams, and one Little were partners, located at Owensboro, Kentucky, and 'engaged in speculating in real estate. At that time they were owners of several valuable pieces of real estate in Daviess county, Kentucky, and a tract of land containing something near one thousand acres in Ballard county, Kentucky. They were then considerably indebted to the Eagle Bank, and to the Owensboro Savings Bank and Trust Company, both of which were located and doing business in Owensboro. The indebtedness of these two banks consisted of a number of obligations, each of which had been executed by the firm of Little & Williams in the conduct of their firm business, and in procuring money with which to pay for the land purchased by the firm, and, in some instances, to pay interest which they were unable to meet on these various debts. At the date mentioned the firm owed the appellee, Eagle Bank, which was unsecured, the sum of $3,438.75, and to the Owensboro Savings Bank and Trust Company an unsecured debt of $3,970.04, and a secured debt of $7,002.68. Desiring to retire from the partnership, Little on that date, entered into a written agreement with his partner, Williams, by the terms of which the latter agreed to assume and pay off all of the partnership indebtedness, including that specified as owing to the appellees, and in pursuance to that agreement he

executed deeds to his partner, Williams, to the various tracts of land which the firm owned, including, of course, the one in Ballard county. Shortly after the execution of these deeds, Williams, in furtherance of his agreement to assume the debts of the firm, executed to the Daviess County Title Company a mortgage on the various parcels of real estate to secure bonds with coupons attached which he at the same time executed, and which were made payable to bearer. The amount of the bonds thus secured by the mortgage on the Ballard county tract of land was $4,000.00. $3,100.00 of the face value of the bonds issued upon the Ballard county tract of land was delivered to the Eagle Bank, and the remaining $900.00 was delivered to the Owensboro Bank and Trust Company as collateral security for the note of Williams which he had executed in assuming the outstanding debts of the previous firm. These bonds ran for a period of five years, which matured them in 1909, and neither they nor the coupons attached to them having been paid, this suit was filed in the Ballard circuit court to recover the face value of the bonds and unpaid coupons with interest and the mortgage upon the land in that county sought to be enforced. To this suit the Owensboro Bank and Trust Company, together with other creditors of Williams, and who were creditors of the firm of Little & Williams, some of whom had levied executions on the land, were made parties defendant. The Owensboro Savings Bank & Trust Company, which had in the meantime gone into the hands of a receiver, answered by such receiver and set up its ownership in the bonds on the Ballard county land to the amount of $900.00, together with the coupons attached, and sought to enforce its lien against the land and prayed for judgment and sale, as did the plaintiff, Eagle Bank.

There is no question before us relative to the claims of other creditors, as the only appellees here are the Eagle Bank and the receiver of the Owensboro Bank and Trust Company. To the suit of the Eagle Bank and to the cross-petition of the Owensboro Bank and Trust Company, the defendant, Williams, set up a plea of usury which these respective banks had collected from the firm of Little & Williams prior to the dissolution of it at the time herein stated. The trial court disallowed this plea, and the question on this appeal from that judgment by Williams is whether he, under the facts,

is entitled to a credit for the usury which the two banks involved collected from the firm of Little & Williams.

The tendency of the courts of all the states, as well as those of the federal government, is to construe the right of a debtor to purge his obligations of usury with great liberality. The collection of usury has from time immemorial been obnoxious to the law, and no principle of public policy seems to have been any more cherished by the courts than the one denying the right of the creditor to collect usury, and the more modern rule in this and other courts is to permit the purging of the debt of all usury at the behest of an obligor who was such from the inception of the indebtedness. At one time it was held by this court that a substitution of an obligor for a former one would create such a novation of the debt as to prevent the plea of usury being interposed in a suit upon the renewal note. To this effect is the case of Smith v. Young, 11 Bush 393; but the doctrine which it announced has long since ceased to be binding in this state, and it was so recognized in the case of Hill v. Cornwall, 95 Ky. 512, when the court therein said:

"The case of Smith v. Young, etc., 11th Bush 393, has, in effect, been overruled in more than one reported case, and in several MS. opinions." See, also, Deposit Bank of Owensboro v. Robertson, 17 Ky. L. R. 1252.

In the Cornwall case the modern doctrine is stated to be:

"If the original obligor is still bound, all usury will be purged from the transaction so long as he remains liable."

Some of the cases from this court preceding the Cornwall case, but acknowledging the rule as therein stated, are Hart v. Hayden, 79 Ky. 346; Fitzpatrick v. Apperson's Exr., Idem, 272; Rudd v. Planters' Bank, 78 Ky. 512; Kendall v. Crouch, 88 Ky. 199.

The rule in the Cornwall case has steadily been followed by succeeding opinions of this court. Whinnery v. Garrett, 24 Ky. L. R. 1558; Shirley v. Stevenson, 104 Ky. 518; Blakeley v. Adams, 24 Ky. L. R. 324; B. & D. Association v. Daugherty, 27 Ky. Law Rep. 759. So that the rule is now firmly settled in this state that an original obligor, when sued upon a renewed evidence of the debt, may purge the entire transaction of usury, including that contained in prior obligation evidencing the

same debt, although there was a change of obligors at the date of the several renewals.

The rule is equally as well settled that where a stranger to the debt for a valid consideration assumes the payment of it, he cannot, when sued, avail himself of the plea of usury contained in the debt which he assumed, for the manifest reason that, so far as he is concerned, there is no taint of usury in the debt which he agreed to pay, and that the entire amount of it, including the usury, as between the obligee and original obligor, formed the consideration for his undertaking to pay it. In this case there is a complete, actual and bona fide novation of the debt. This rule is illustrated by the cases of Mann v. Bank of Elkton, 20 Ky. Law Rep. 1033; Ryan v. Logan County Bank, 21 Ky. Law Rep. 1518; Parker v. Sweigart, 22 Ky. Law Rep. 113; Wilcoxson v. Morse, 19 Ky. Law Rep. 1830, and Burnett v. Y. M. Bldg. & Loan Association, 155 Ky. 59. As illustrating the rule found in these last cases the Burnett case is a fair example. There the original obligor was indebted to the Building and Loan Association, to secure which the latter held a mortgage on real property. The property was purchased by Burnett, who assumed the payment of the mortgage debt as a part of the consideration for the land. When sued upon this debt, he attempted to plead the usury contained in it as between the maker thereof and the Building and Loan Association. He was not permitted to do so, and denying him his privilege, the court said:

"Manifestly, the liability therein assumed by appellant was without remedy as to the amount, or as to the exclusion of usury, and, this being true, whatever usury was contained therein was a part of the consideration to be paid for the house and lot upon which the mortgage existed."

The rule is also well established that when the interest is more than the legal rate, but is promised as a part of the consideration for land, it will not be regarded as usury up to the time of maturity of the note. This is upon the idea that the usurious rate was considered by the parties as constituting a part of the consideration to be paid for the property, and not for the forbearance or use of money in the ordinary sense. Some of the cases from this court so holding are Gruell v. Smalley, 1 Duv. 358; Tousey v. Robinson, 1 Met. 663;

Watts v. Nat'l Bldg. & Loan Association, 102 Ky. 32; Askin v. Lebus, 9 Ky. Law Rep. 162.

With these recognized rules before us, the question is whether the plea of usury is open to the defendant, Williams, under the facts of this case, and, if so, to what extent. That is, if he is entitled to avail himself of it at all, may he receive credit by all of the usury paid by his old firm, or shall he be confined to his pro rata part of it as between himself and his partner, Little, which, in this case, is one-half?

Before the dissolution of the partnership, the defendant Williams, in a suit upon the partnership obligations, had a clear right to make the defense of usury, and to have had the indebtedness credited by all the usury which it contained. In relieving the partner Little of all liability upon the partnership indebtedness, we fail to see wherein he lost his right to insist upon a credit of at least one-half of the usury. Whether he would have the right to be credited with all the usury if this were only a case of assuming partnership debts, is not necessary for us to determine now, for in view of the rule last above referred to, we have concluded that so far as the usury contained in Little's part of the firm's debts, the appellant agreed to pay it in consideration of the conveyance to him of Little's one-half interest in the real estate. The partnership debts which Williams agreed to assume and pay were specified in the contract between himself and Little, and so far as the latter is concerned, this formed a consideration for the half of the land owned by him, and which, under the prevailing rule, as seen, would prevent the interposition of this plea. If each partner had executed his separate obligation for the indebtedness of the firm, and Williams had agreed, upon the dissolution, to assume and pay the separate obligations of his partner, he would stand as a stranger with reference to them, as did the purchaser, Burnett, in the case, *supra*, although such obligations may have been executed for funds which were put into the assets of the firm. Under such conditions, Williams clearly would not be deprived of his right to rely upon the plea of usury with reference to his individual obligations, which also went into the assets of the firm. Indeed a similar condition has been before this court in the case of Deposit Bank of Owensboro v. Robertson, 17 Ky. Law Rep. 1252. In that case

the partners had separated the partnership debt, and had executed their individual obligations therefor. One of the partners, when sued upon the note which he executed, endeavored to take credit by the entire amount of usury contained in all of the partnership indebtedness, but it was held that he was entitled to recoup only his part of it. This was upon the ground that the other partners saw proper to pay their part of the usury, and that the defendant could not take credit by that which his other partners saw proper to pay without complaint. It might be insisted that there is no analogy between that case and the one we have here for the reason that the sued partner had not assumed to pay the pro rata part of the partnership debts which had been extinguished by his other partners; but we regard this difference as more technical than real, because in the case we are considering Little had paid his debts with his one-half interest of the partnership realty, and which half of such indebtedness constituted the consideration that Williams agreed to pay, and under the rule with reference to the consideration of real estate which we have found to exist in this state, we are not disposed to extend the rule against the payment of usury so far as to permit the appellant to have credit by the usury represented in Little's portion of the partnership indebtedness, although, the question might be different (but which is not decided) under a simple agreement of a continuing partner to assume the partnership indebtedness. See also Marks v. Deposit Bank of Owensboro, 21 Ky. L. R. 117. Under similar circumstances the Supreme Court of Arkansas, in the case of Farmers' and Merchants' Savings Company v. Bazore, et al., 54 S. W. 339, said:

"In a quit claim deed for his interest in the property in controversy made by Bazore to Wilson, there was a provision that Wilson should pay all accounts of the firm in which they were partners; and, if this includes the note to the Farmers' and Merchants' Company, Wilson could not be heard to plead usury as to Bazore's half interest."

To hold as indicated fully recognizes the salutary doctrine of the courts that usury may not be collected through the assistance of any character of trick, device or subterfuge, and yet permits an actual and bona fide novation of a debt whereby the plea of usury would not

avail. We are therefore clearly of the opinion that appellant had the right to insist on a credit of one-half of the usury contained in the partnership indebtedness, and of all that has been paid since he assumed the debts, if any, and the trial court erred in not so holding.

It is insisted before us that the appellant should have had credit on the judgment appealed from by $1,600.00 which it is claimed either had been collected, or was in process of collection, through the circuit court of Daviess county. At the time of the trial it was shown that this item had not been collected, and we are convinced that neither the Daviess circuit clerk nor the Ballard circuit clerk would, even if he had the power to do so, permit this item to be paid twice, and we feel that it will be properly adjusted, if it has not already been done, after the return of this case.

Inasmuch as the calculation of the usury which we find in the record is exceedingly complicated, and includes the entire amount of it as of the date that it was paid, and as it would require a different calculation upon the basis of taking credit for only one-half of the usury, when paid, which would be equally as much, if not more, complicated, we have not seen proper to make such calculation. This can be done upon a return of the case, if the parties do not agree upon the amount, and judgment rendered after giving credit as indicated for the sum found to be due.

It is apparent that one-half of the usury by which the appellant may be credited as herein determined will not extinguish the debts of the appellees, but that they will still obtain a judgment for some amount, with a lien on the mortgaged land. There are other creditors who are appellees, and who hold liens upon the land, and to pay which debts it will be necessary for the land to be sold. In view of these facts, and the further one that appellant agreed that the purchase price might be paid into court at once, and without the acceptance of sale bonds, and as it appears that there is no error in ordering a sale of the land, that part of the judgment under which the land was sold and the sale confirmed will not be disturbed. If it becomes necessary for the parties to take additional proof upon the amount of usury to which the appellant is entitled to be credited hereunder, they shall be permitted to do so.

Wherefore, the judgment is reversed with directions to proceed in accordance with this opinion. The whole court sitting.