## Gillock v. Hoover, etc.

(Decided January 27, 1925.)

### Appeal from Barren Circuit Court.

1. Specific Performance—Purchaser who did Not Demand Deed Held Not Released by Vendor's Inability to Furnish Deed at Maturity of Title Bond.—Vendor's inability to give purchaser sufficient deed when title bond matured did not release purchaser who did not offer to pay for the property or demand a deed, where vendor sued for specific performance and tendered sufficient deed at first term of court thereafter.

2. Vendor and Purchaser—Writing Held Contract for Purchase of Land and Not Merely an Option.—Title bond reciting purchaser's execution of note to vendor for certain amount, including rent for particular year, and execution of order directing master commissioner of circuit court to pay vendor certain amount due purchaser as heir, and providing that on payment of amount of order with interest purchaser should be credited with portion of note representing rent for such year, but that note should be collected on nonpayment of order, held a contract for the purchase of land, in which it was provided that purchaser should have credit for rent on payment of order, in order to secure prompt payment thereof, and not merely an option.

HARPER & DENTON for appellant.

BASIL RICHARDSON for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

On the first of February, 1921, S. L. Hoover and wife executed and delivered to Hubert Gillock a title bond for

the sale of a house and lot in Barren county, for the sum of $800.00, to be paid on or before the first of January, 1922.

That paper recites that Gillock is in possession of the property, and in default of rent for the year 1920, and that for this he has executed a note to Hoover for $84.50; but another paragraph explains that this note includes rent for the year 1921 at the rate of $6.00 per month. It is also recited that Gillock binds himself to make these payments, and has executed an order to the master commissioner of the Allen circuit court, directing him to pay to Hoover the amount due Gillock as one of the heirs in a suit pending in that court for the settlement of an estate to the extent of $800.00 and interest.

The following paragraphs also appear therein, "and when said $800.00 and interest are paid, then the said note for $84.50 above mentioned is to be credited by $72.00 for the rent on said place for the year 1921, and if the said party of the second part fails or refuses to pay said $800.00 and interest, and if said estate does not pay sufficient to satisfy said S. L. Hoover, then the said rent note is to be collected."

The order referred to above was executed by Gillock but had not been collected at the time the title bond matured. Gillock had information that Hoover could not make him a good deed to the property and toward the last of March moved away, and notified the master commissioner not to pay Hoover the order theretofore executed.

Hoover brought suit for specific performance and tendered a sufficient deed. The court entered judgment for the $800.00 specified in the title bond, with interest from January 1, 1922, and the $84.50 rent note, with interest from January 1, 1921. It also adjudged a lien on the land to secure these debts and ordered it sold for that purpose and further enjoined Gillock from collecting the amount due him as an heir at law in the estate above mentioned, and directed the payment thereof by the master commissioner to the plaintiff.

Gillock appeals and argues, first, that at the time the title bond matured Hoover was unable to make him a sufficient deed and he therefore was not required to accept the property; however, he never offered to pay for same or demanded a deed, and at the first term of court

thereafter Hoover sued and tendered a sufficient deed. Clearly this is no defense.

It is further argued that the writing is but an option; that under the clauses above quoted Gillock could choose between taking the land at $800.00 and being credited in 'the rent note by $72.00, making the total payment $812.50, or pay the $84.50 rent note in full, and refuse to take the land. We do not so understand the contract.

As we construe it, interest was not to be paid on the consideration until the first of January, 1922, but Gillock was to have possession of the property during the year 1921; it was agreed that the rental value was $6.00 per month, and Gillock agreed to pay the sum of $72.00 for rent during that period. This, together with the $12.50 that he owed on January 1, 1921, constituted the sum of $84.50, for which he executed his note. Apparently, in order to secure prompt payment of the $800.00, it was provided that when it was paid it should be credited by $72.00 for the rent, but if the order he then executed was insufficient to pay that amount then the rent note was to be collected. This was the opinion of the lower court, and while not entirely clear, we believe it to be a proper construction of the contract.

Perceiving no error the judgment is affirmed.