## Vogt, et al. v. Shumate.

(Decided March 12, 1926.)

### Appeal from Jefferson Circuit Court
### (Common Pleas, First Division).

1. **Vendor and Purchaser—Under Contract for Sale of Land Free from Incumbrance, Possession to be Delivered Within Certain Time, Vendors would be Entitled to Remove Encroachments and Compel Acceptance at Any Time Within which They had Right to Tender Deed.**—Under contract for sale of land free from incumbrances and encroachments, possession to be delivered within certain time, vendors could remove encroachments at any time within which they had right to tender deed and thereafter compel acceptance of deed, even though a prior tender had been refused because of encroachments.

2. **Vendor and Purchaser—Existence of Encroachments, no Matter How Trival, Held to Justify Refusal to Accept Deed Under Contract to Convey Free from Encroachments.**—In action for damages from refusal to accept deed under contract to convey free from incumbrances and encroachments, existence of encroachments ex-

tending over line only an inch or two held sufficient defense, no matter how immaterial or frivolous encroachments may seem.

JOHN L. WOODBURY and FRED FORCHT for appellants.

BLAKEY, DAVIS & LEWIS and WILLIAM M. DUFFY for appellee.

Opinion of the Court by Judge Thomas—Affirming.

On June 17, 1922, the appellants and plaintiffs below, L. W. Vogt and wife, contracted in writing, duly signed and executed by vendors and vendee, to sell to appellee and defendant below, Nellie Shumate, a lot with a commodious dwelling thereon situated on Third street in the city of Louisville and described as fronting on that street 50 feet and running back the same width 190 feet. The agreed consideration was $22,500.00 cash. Possession was to be given within sixty days and the execution of the deed was postponed for defendant to examine the title. The contract was executed on Saturday in the late afternoon. On the following Monday morning defendant notified a real estate agent who had negotiated the trade that she had determined not to complete the contract or to accept a conveyance of the lot. Within ten days thereafter she caused a survey of the lot to be made, which developed that a portion of the building on the south adjoining lot had projecting brick pilasters as a part of its foundation which encroached upon the lot agreed to be purchased by her some four and one-half inches. Also, portions of the wall of the building on that lot had projections and encroachments on the lot agreed to be purchased, in that the window sills projected over the lot 2¼ inches; the baseboard one inch; the window frames one-half inch, and the barge board and corner strips each about one inch. The engineer who measured the lot made a plat showing such projections and plaintiff, L. W. Vogt, who seems to have negotiated the trade, examined that plat and afterwards caused the prejecting pilasters to be removed, but he made no effort to remove the other encroachments of portions of the wall of the building on the adjoining lot above specified. After removing the pilasters plaintiffs executed a deed in accordance with the contract, which called for a general warranty deed and covenant against encumbrances, and tendered it to defendant with a request for the payment of the consideration. Defendant declined to accept the deed or to pay any part of the consideration, and this ordinary action was filed

against her by plaintiffs to recover damages for her. refusal to comply with the contract. She defended on the ground that plaintiffs did not tender to her a free and unencumbered title to all of the lot she agreed to purchase, and upon trial the evidence developed the facts practically as we have stated them, and the court sustained defendant's motion for a peremptory instruction in her favor which the jury returned and from the judgment based thereon dismissing the petition plaintiffs have appealed after their motion for a new trial was overruled.

The court in its opinion, delivered at the time of sustaining the motion for a directed verdict, stated, in substance, that plaintiffs could have removed the encroachments at any time within which they had the right to tender a deed and thereby remove the defense here interposed, and which principle of law we think is correct; but the court further held that inasmuch as the encroachments that were not removed when performance was demanded and the deed was tendered to defendant existed at that time, she had the right to refuse its acceptance and to rely on her contract for an unencumbered title to the whole of the premises she agreed to purchase. However, if plaintiffs had within the proper time removed the small encroachments relied on in defense of the action, and thereafter retendered the deed or tendered another one before filing the action, no doubt they could have maintained it, but no such action was taken by them and the cause must stand or fall on the conditions as they existed when the deed was tendered.

At the outset it may be admitted that the encroachments complained of are small, apparently insignificant, and what some might term frivolous, but our investigation of the law on the subject convinces us that in a case of this kind where damages are sought for a violation of the contract of purchase the rights of the parties are governed by the contract into which they entered and that the court has no right to make a different one for them. The rule is different in equitable actions, as for instance one for specific performance in which case the malleable and flexible principles of equity may be applied, and thereby performance of the contract enforced by allowing the purchaser proportionate abatement of the purchase price for the insignificant defects or encroachments upon the title. Especially does that seem to be the rule where the defect complained of "does not materially affect the value of the property and the purchaser can be

made whole by a proportionate reduction of the purchase price." It is the well known theory of the law that the owner of real estate has title to the space covered by the surface to the center of the earth and to the skies above, and the general principle is that a purchaser of an unencumbered title is entitled to acquire the precise title he contracted for.

The appellate division of the Supreme Court of New York had before it in the case of Place v. Dudley, 41 App. Div. of the Supreme Court of N. Y. 540, the same question and involving practically the same facts as is presented by this record, with the exception that the purchaser in that case had advanced to the vendor the sum of $500.00 and, finding the title encroached upon no more substantially than is done in this case, he declined to complete the purchase and sued the vendor to recover the $500.00 payment. In reversing the trial court and sustaining plaintiff's contention the court, after reciting that the encroachment was only an inch and one-half on a lot 75 feet wide, and, as contended by defendant's counsel, "an entirely immaterial thing," said: "It will thus be seen that none of the questions are involved here that ordinarily arise in litigations upon contracts · of this character. No equitable defense is set up; specific performance is not asked by the defendant, and the subject of compensation for deficiency in quantity does not arise. Both parties were content to have the case determined upon the one question of the materiality of the encroachment as affecting the plaintiff's right to consider the contract at an end and to recover back his deposit money with the expenses. In strictness of law the plaintiff was not bound to complete the purchase. He was entitled to receive just what he had contracted for. He was not obliged to take land, any part of which was encroached upon by the buildings of adjoining owners. There was an implied covenant in the contract that he should receive a marketable title to the whole piece. Where purely legal rights are alone involved, purely legal rules apply. If the vendor had sued the vendee for damages, the former would 'be held strictly to the very terms of his engagement.' (Smyth v. Sturgis, 108 N. Y. 495.) The defendant has not sought in his pleading to have the relations of the parties to the contract considered or determined by any other standard. Equitable considerations are thus excluded.

"It is the settled law of this state that where a vendee seeks to rescind a contract for the sale of real estate on account of a defective title, the question as to materiality of the defect, where it depends upon and is an inference to be drawn from circumstances, is a question of fact for the jury; but where it turns upon the construction of a contract and no special circumstances need be taken into account, it is a question of law for the court. (Stokes v. Johnson, 57 N. Y. 673; Heller v. Cohen, 154 id. 306.) The only matter, therefore, before us is whether the court properly disposed of the case. We think it did not. The contract was perfectly plain; the agreement of the defendant was to sell and convey a vacant piece of ground of certain specific dimensions. Whether the apparently inconsiderable deficiency of a strip an inch and a half in frontage of nine hundred inches might be disregarded if this case would be disposed of on the rule of compensation or allowance applied by courts of equity in suits for specific performance is not before us. Here the objection of the plaintiff is founded not only upon a slight deficit in quantity, but upon the existence of an encroachment on the land, to which he was entitled under the contract, of a wall of an adjoining building. Although there was no proof to show to what extent the land was depreciated in value by reason of that encroachment, still, it could not be adjudged as matter of law that it was an immaterial thing, and that the plaintiff was bound to take title and pay the full price, notwithstanding this encroachment upon the premises, for such is the effect of the ruling. There was a technical breach of the contract by the vendor. It furnished a legal reason or excuse to the vendee to refuse to take the title."

In the California case of Walters v. Mitchell, reported in 92 Pac. Rep. 315, the purchaser refused to accept a deed and comply with his contract because the eaves and other projections of the building on the adjoining lot "overlapped the lot in question a few inches," and the court, although it appeared in evidence that the owner of the encroaching building made no claim of right to maintain the projections and stated that he would remove them at any time, said: "If defendants claimed that the $500.00 was forfeited, it was incumbent upon them to show that they had tendered a deed which would convey the property and the possession of it to plaintiff. Plaintiff had the right to the possession of all of it before the purchase price could be demanded of him." The same

court in the case of Harder v. Lang Realty Co., reported in 214 Pac. Rep. 1017, made a similar ruling where there was a deficiency of one foot in width of a lot that the vendor had sold as being 25 feet wide, and in that opinion the court, in passing on the question, said: "A purchaser is entitled to the quantity of land for which he has bargained, and, if the vendor is unwilling or unable to give it to him, he is under no obligation to complete the contract. 2 Warvelle on Vendors, section 832. This rule is somewhat qualified with reference to a sale of urban (rural) property under certain circumstances, when such property is described as containing an estimated number of acres. No such question, however, is here involved. and a discussion of it is not necessary. In the case of a city lot a deficiency in quantity of even a few inches has been held to be material and to be a sufficient reason for the vendee to reject the title. Klein v. Sacho, 102 App. Div. 44, 92 N. Y. Supp. 107; Floeting v. Horvitz, 120 App. Div. 492, 104 N. Y. Supp. 1037; Seas v. Stuison, 3 Wash. 615, 29 Pac. 205; Siebel v. Cohen, 54 N. Y. Sup. Ct. 436."

The court of chancery of New Jersey in the case of Herring v. Eposito, reported in 119 Atl. Rep. 765, had before it a similar question. The contract of purchase there involved described a lot 25 by 100 feet and covenanted "that there are no encroachments thereon." The building on an adjoining lot was found to extend over on to the purchased lot two inches at the front and one and five-eights inches at the rear, and, although the action was an equity one filed by the vendor for specific performance, the court denied the relief, and in its opinion said: "A court of equity, of course, would not permit a vendee to break his contract for some immaterial defect, or one that can be properly compensated against, in the absence of express stipulation or agreement. Griggs v. Landis, 19 N. J. Eq. 3250. This, however, presents the difficulty to compliance with the complainants' prayer, because the covenant against encroachments was expressly contained in the agreement. To disregard the clause of the contract quoted above would be to draw a new contract for the parties, upon which their minds have never met, and that is a policy that courts have universally refrained from acting upon."

We have been unable to find any case from this court involving the precise question, nor have we found any from other jurisdictions contrary to those above cited which we think announce a sound and logical principle

of law. As hereinbefore stated, courts of law are author-- ized and empowered to do no more than enforce a contract as made by the parties. It has no right to take into consideration what it may deem or term an immaterial or frivolous matter, since the parties to the contract may have entertained an entirely different notion, and if for any such reason the court could disregard such provisions, the door would then be opened for each court to alter or change contracts according to its conception of materiality and that, too, without compensation to the other party or abatement of the price agreed to be paid by him. Neither can it be successfully maintained that to enforce such a contract under such conditions would give to the vendee substantially what he contracted for, since, as we have seen, he is entitled to have exactly what he contracted for, especially if he is required to pay the full contract price which was the theory upon which this case proceeded against defendant.

We find nothing in the record whereby defendant waived her right to rely on the defense here interposed, and since it constitutes a valid one, as we have seen, the judgment must be, and it is, affirmed. Whole court sitting.