## Dupre et al. v. Hortsman.

(Decided March 27, 1931.)

RICHARD B. CRAWFORD, L. A. HICKMAN, KENDRICK R. LEWIS and ARTHUR J. DEINDOERFER for appellants.

SELLIGMAN, SELLIGMAN & GOLDSMITH for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON.—Affirming.

The appellants and the appellee, in November, 1926, each owned certain real estate situated in Louisville, Ky. It was listed by them for sale or exchange, with their respective real estate agents. On November 19, 1926, the appellee executed and delivered to the Towle Realty Company, agents, a written proposition, whereby he proposed to exchange his property for that of the appellants. He proposed to accept deed of conveyance to their property and to convey his property to them, and, as a further consideration, "agreed to pay a certain first mortgage of $75,000.00, and a second mortgage of $5,000.00, payable to the Franklin Title & Trust Company, Louisville, Ky., subject to a credit of about $2,114.00, leaving the balance of the mortgages to be paid, about $77,886.00, at the rate of $914.00 a month, for twenty-eight months, after which the payments on the first mortgage will be about $750.00 a month, including interest and principal." It was further recited in his proposition that he was to pay the Towle Realty Company the usual commission on his property, valued at $55,000. Vesta Dupre and her husband, the appellants, accepted his proposition as per its terms, by a writing, in which it is recited: "We agree to pay William C. Fisher, agent, the usual real estate commission on the 24 Apt. House, at a valuation of $135,000.00." After the written propostions were made and accepted by the parties, the appellee caused to be investigated the mortgages of the Franklin Title & Trust Company. He ascertained thereby that, instead of the balance due thereon being $77,886, and legal interest, the approximate amount which he proposed to pay to the appellants as the difference between the value of his property, fixed at $55,000, in his proposition, and $135,000, the value of their property fixed by them in their written acceptance, was, by reason of a "blind clause" in the mortgage of the trust company, $28,726 in excess of the $77,886 and legal interest thereon.

February 16, 1927, the appellants tendered to the appellee a deed, duly signed and acknowledged by them, conveying their property to him, which was intended by them to be in execution of the writings between them. In this deed, the recited consideration was, in part, that "the second party hereby assumes and agrees to pay the balance due as of the date of this deed upon a certain mortgage executed by the party of the first part to the Franklin Title & Trust Company, trustee, which mortgage was for the original sum of $75,000.00, and which is dated the 1st day of February, 1926, and is recorded in deed book 1195, page 458, in the Jefferson County Court, Clerk's office. The party of the second part agrees to pay the balance of said mortgage as above stated, according to the terms and conditions of this mortgage. For the balance of said consideration the second party further assumes and agrees to pay the balance due on the mortgage of the Franklin Title & Trust Co., originally for the sum of $5,000.00, recorded in the same clerk's office, according to the terms and conditions of said mortgage as recorded."

The appellee refused to accept this deed, insisting that the actual amount required to pay the mortgages exceeded the agreed price which he had agreed to pay as the difference between the valuations of his, and their, property.

Thereupon the appellants by some sort of an arrangement entered into between them and the Franklin Title & Trust Company, without the presence or participation of the appellee, the trust company agreed to reform some clause of its mortgage, whereby the amount which was to be paid to it by its terms would be reduced by about $14,000. Again the appellants tendered to him, in execution of their contract, a second deed duly signed and acknowledged, wherein it was recited as a further consideration: "The party of the second part assumes and agrees to pay said mortgage according to the terms and conditions of same as represented by the Franklin Title & Trust Company, trustee, the amount of $75,000.00, which mortgage is dated February 1, 1926, and recorded in Deed Book 1195, page 457, in the office of the clerk of the Jefferson County Court of Kentucky, and agrees to pay said mortgage according to the terms and conditions of same as represented by the said Franklin Title & Trust Company, trustee, said representation to be guaranteed in writing by the Franklin Title & Trust

Company, trustee, which representations are that the party of the second part is to pay $75,000.00 at the rate of $750.00 per month, for 12¾ years, and for the balance of said consideration the party of the second part assumes and agrees to pay $2886.00, on the second mortgage in favor of the Franklin Title & Trust Company, dated February 1, 1926, and recorded in said clerk's office.''

The appellee refused to accept this deed, insisting that the consideration as covered by its provisions exceeded the consideration which he proposed in his written proposition to pay to them as the difference between the valuations of his and their property.

On the 17th day of February, 1927, the appellants filed this action at law against the appellee, wherein they sought to recover of him damages for an alleged breach of the written contract. In addition to the usual allegations in such actions, they alleged that the difference between the market value of their property and the contract price was $40,000; that they had agreed to and had paid their real estate agents their commission of $3,900, and sought a recovery of it, fixing their total damage at $43,900.

Subsequent pleadings were filed by the parties. An amended petition was filed, wherein they declared in three paragraphs, designated (a), (b), and (c), that certain stipulations relating to the mortgages and certain restrictions and incumbrances on the lot on which the 24-apartment house was situated, were agreed to by the appellee, but were left out of the written contract by mutual mistake of the parties, and oversight of the draftsman. They withdrew paragraph (a), leaving the original petition, and paragraphs (b) and (c) constituting their cause of action.

The action was transferred to equity. The chancellor being under the impression that it was transferred to the equity docket solely on the question of reformation, refused to pass on the demurrer to the petition, except to that extent and for that purpose. His attention being called to the fact that the action was transferred to the equity docket, not merely for a reformation of the contract, but for a trial of the case, he then sustained a demurrer to the petition as amended. The appellants failing to plead further, judgment was rendered dismissing it, from which this appeal is prosecuted.

The appellants here insist that the contract of the appellee obligated him to pay the mortgages to the trust company according to their terms; that, in the absence of fraud, he, having so assumed the payment of the mortgages, is chargable with notice of the record of the mortgages, and is liable for the amounts thereof; that, having assumed the payment thereof as a part of the purchase price of the property covered by them, he is estopped from asserting a defense of usury. Having so assumed the payment of these mortgages by his contract, they urge that his "want of knowledge" of the terms and conditions of the mortgages of record does not release him of his liability to them, although they are more onerous than he conceived them to be. To sustain this argument, they cited Wallace v. Cook, 190 Ky. 262, 227 S. W. 279; Boggess Realty Co. v. Miller, 227 Ky. 813, 14 S. W. (2d) 140; Glenmary Land Co. v. Stewart, 217 Ky. 635, 290 S. W. 503; Williams v. Eagle Bank, 172 Ky. 541, 189 S. W. 883; Rhodes v. Henderson B. & L. Ass'n, 13 Ky. Law Rep. 778; Burnett v. Young Men's B. & L. Ass'n, 155 Ky. 59, 159 S. W. 609, 48 L. R. A. (N. S.) 840, and authorities from courts of foreign jurisdictions.

If he had accepted either of these deeds, as between him and the trust company he would have been liable to it accordingly, or, if he has by his contract with appellants assumed and agreed to pay the mortgages as per the terms thereof, according to the record, he is liable accordingly. In either event, the authorities relied on by the appellants are applicable, and control his liability. Burnett v. Young Men's B. & L. Ass'n, 155 Ky. 59, 159 S. W. 609, 48 L. R. A. (N. S.) 840.

As between him and the appellants, his liability to them must be measured and determined by his written contract with them. Vogt v. Shumate, 213 Ky. 503, 281 S. W. 514. If he did not thereby so assume and agree to pay the mortgages according to the record thereof, but assumed and agreed to pay a definite, fixed amount stated in his contract as the difference between the estimated valuations of his and their property, he is not liable in damages. In this event, a tender by them of a deed not in harmony therewith, in execution of the contract, is within itself a breach by them of the contract.

In his written proposition, the record of the mortgages is not referred to exclusively for the purpose of fixing the amount of the consideration, and such reference thereto does not alone determine it. The entire con-

tract must be considered to interpret it properly, and to ascertain correctly the the intention of the parties to it. Its reference to the mortgages is followed by this language, "leaving the balance of the mortgages to be paid, about $77,886.00 and interest." The construction of the contract, as contended for by appellants, necessarily requires an elimination from it, the quoted language. This we are not authorized to do. This language was intended to, and does definitely and particularly, fix the amount which the appellee, by his contract, proposed to pay as the difference between the valuations of the properties. The terms upon which he proposed to pay this amount are likewise stated in the writing by the use of this language, "at the rate of about $914.00 per month for twenty-eight months, after which the payment upon the first mortgage will be $750.00 a month, including principal and interest." This language of the contract was intended to and did fix the terms of payment which he intended should control him, and which the appellants were expected to accept as the terms on which the balance of the consideration was to be paid by him. The appellants say in their petition that, at the time the contract was entered into and accepted, they were not aware of the fact that there was a "blind clause" in the mortgage, by reason of which the $75,000 mortgage to the trust company was in excess of $75,000 and legal interest. Thus admitting that at the time they accepted it they construed it to mean that the contract obligated the appellee to pay only $77,886 and legal interest, and that it was not the intention of the parties to the contract at the time of its making by them for one to pay, and the other to receive, on that mortgage, a greater amount than principal and legal interest. The rate of interest not being stipulated, the law implies an agreement to pay the legal rate. Scotland County v. Hill, 132 U. S. 107, 10 S. Ct. 26, 33 L. Ed. 261; Elliott v. Gibson, 10 B. Mon. 438; Ewell v. Daggs, 108 U. S. 143, 2 S. Ct. 408, 27 L. Ed. 682.

The appellee had the right to fix and prescribe the time and terms upon which he was agreeing to pay the monthly installments as the difference between the valuations of the two properties. Having fixed such time and terms in his written proposition, after it was accepted by appellants, they were without right to change or alter, either or both the time and terms of payment so fixed by him. Time is recognized as a valuable consideration.

American National Bank v. Minor & Son, 142 Ky. 792, 135 S. W. 278; Steger v. Jackson, 102 S. W. 329, 31 Ky. Law Rep. 434; Davis v. Bank of Clarkson, 144 Ky. 417, 138 S. W. 246.

The tendering of a deed providing for different times and terms of payment of the consideration by him, without his consent to such change was a violation of the contract. A party to a contract to convey real estate to another, according to, and in pursuance of, such contract, between the time of entering into it and the time of its execution, may perfect or clear his title, and thereby qualify himself to execute the contract. During the pendency of an action by him for specific performance, he may do so. Gillock v. Hoover, 207 Ky. 21, 268 S. W. 592; Buckhorn Coal & Lumber Co. v. Lewis, 232 Ky. 415, 23 S. W. (2d) 596; Posey v. Kimsey, 146 Ky. 205, 142 S. W. 703; Maynard v. Lowe, 231 Ky. 258, 21 S. W. (2d) 285.

But the legal right so to qualify the appellants to execute their contract did not carry with it a right to alter or change the terms of the contract as to the amount of the payment of the installments, nor as to the time of the payment thereof, nor to confer upon them a right to call upon the appellee to enter into a contract with another, in order so to qualify themselves. The deed tendered requires the appellee to accept from the trust company some sort of a guarantee for which appellants had made arrangements with it to execute and deliver to him. The appellants were without right to call upon him so to aid them or to participate in a transaction necessary on their part to qualify them to carry out their contract with him.

It is apparent from a careful reading of the contract that it was the intention of the appellant to pay, and of the appellee to receive of him, as the difference between the estimated values of their respective properties, the sum of $77,886 and legal interest. The appellee agreed to pay in cash $2,225; to convey to them property valued at $55,000; and to assume the payment to the trust company of $77,886 and interest thereon.

The contract of appellee required him to pay twenty-eight payments of $914 and one hundred and five payments of $750, and one payment of $536.70. The first deed tendered by appellants required twenty-eight payments of $914 and one hundred and forty-four payments of $750. The second deed required twenty-eight payments of $914 and one hundred and twenty-five of $750.

In the first deed tendered, the usury included and which the appellee would have been compelled to pay was $28,-726. The trust company's mortgages, including principal, interest, and usury and the value of his property at $55,000, aggregate about $163,837, which he would have been compelled to pay in order to meet the terms of the first deed. By arrangement, which they allege in their petition, they had made with the trust company for its $75,000 mortgage to be paid by the payment of $750 per month for 12¾ years, the sum which the second deed tendered to appellee would have reduced that amount, required by the first deed, by about $14,000.

The appellee's liability must be determined by a fair and reasonable interpretation of the written contract. Likewise, appellant's right to a recovery must be thereby determined. To give it the intent and meaning insisted for by them makes it harsh and oppressive in its operation, such as clearly to indicate that such contract was not within the contemplation of the parties at the time of its making. In an action at law for the recovery of damages for breach of contract, oppressive provisions of a contract may not be relieved against. A contrary rule prevails in an action in equity where a hardship or injustice may result oppressively from its specific performance. Rogers Bros. Coal Co. v. Day, 222 Ky. 443, 1 S. W. (2d) 540; Vogt v. Shumate, supra.

But, even in an action at law to recover for a breach of such contract, the court may look to the intendment of the contract and its actual operation for the purpose of ascertaining whether its particular construction was within the minds of the parties at the time it was entered into by them.

The interpretation of the contract as insisted for by appellants cannot be justified and sustained by its own language, nor can it be supported by the theory that such meaning was within the contemplation of the parties at the time they entered into it.

The appellants did not themselves know at the time they accepted appellee's proposition that the "blind clause" in the $75,000 mortgage of the trust company existed, and they apparently at the time construed his proposition to obligate him to pay to them as the balance thereof about $77,886, and legal interest thereon, and hence they are now compelled by the "blind clause" of the mortgage to insist on a contrary meaning of his proposition, or else have no claim whatsoever against

him for the alleged breach thereof. It is our conclusion that the proper construction of the contract is, that it binds appellee to pay them $77,886, and 6 per cent. interest thereon in installments as stated therein, and, when so paid, to be applied on the mortgages of the trust company.

The written contract is filed as an exhibit with the petition. According to our interpretation of it, it contradicts the allegation thereof, and the exhibit must control. Ky. Mutual Ins. Co. v. Logan, 90 Ky. 364, 14 S. W. 337, 12 Ky. Law Rep. 327; Hudson v. Scottish Ins. Co., 110 Ky. 722, 62 S. W. 513, 23 Ky. Law Rep. 116; Kalfus v. Davie's Ex'r, 164 Ky. 390, 175 S. W. 652. Such contradiction of the pleading by the exhibit makes such pleading bad on demurrer. Durham v. Elliott, 180 Ky. 724, 203 S. W. 539; Lockhart v. Kentland Coal & Coke Co., 182 Ky. 673, 207 S. W. 18.

In so far as the appellants sought to recover commission of the real estate agents paid by them, even though the petition otherwise stated a cause of action, it states none as to such commission. Such claim of damage, not being within the contemplation of the contract, is not recoverable in such actions. Linde v. Ellis, 224 Ky. 649, 6 S. W. (2d) 1089.

Counsel have discussed other questions in brief, but it is not required to dispose of the case to consider them. The judgment of the chancellor is in harmony with our view.

Wherefore the judgment is affirmed.