## Schwartz et al. v. Prudential Insurance Company of America.

(Decided February 12, 1929.)

MARK BEAUCHAMP for appellant.

ALLEN P. DODD, ROBT. L. PAGE and JOS. W. FOWLER, JR., for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS—Reversing.

In their petition to recover usury of the Prudential Insurance Company of America and the Franklin Title & Trust Company, plaintiffs state that on the 21st day of July, 1925, W. R. Phillips obtained a loan from the Pru-

dential Insurance Company for $4,500 and also on the same date agreed to pay the Franklin Title & Trust Company $700 for its services in procuring the loan, making the abstract, etc. These indebtednesses were evidenced by separate notes and mortgages on a house and lot in the city of Louisville, and were payable in monthly installments during a period ending May, 1938. After paying one installment, Phillips and wife, on July 30, 1925, conveyed the property to Allen Cassin, who assumed payment of the mortgage debt. Cassin, on the 31st of August, 1925, conveyed the property to plaintiffs, Joseph and Esther Schwartz, who also assumed the payment of the above-described mortgages, and who at the same time paid $1,365.16 on the combined debts, leaving a balance due in the aggregate of $3,802.45. Thereafter plaintiffs promptly paid all the monthly installments accruing until and including January 13, 1928. On this date they sold the property to a cash purchaser, and, in order to clear the title, undertook to pay all the indebtedness owing the above-named mortgagees. Defendants at that time represented to them that such indebtedness, inclusive of interest and a financing fee of $260 owing to defendants, aggregated $3,334.86, and, relying upon these representations, they paid said amount to defendants, and thereby secured a release of such indebtedness. But in fact they were not owing the defendants a finance fee of $260 or any sum, nor had they ever agreed to pay such fee to defendants or either of them. The total amount of their indebtedness, with simple interest, was $2,765.99, and that by mistake on their part they paid $3,334.86, as stated, and that this embraced $568.87 of usury, for which sum they prayed judgment. A demurrer was sustained to the petition, and plaintiffs failing to plead further it was dismissed. They appeal.

Appellants concede that they assumed payment of both original obligations as parts of the consideration of purchase; and that, under the authority of Burnett v. Young Men's Building & Loan Ass'n, 155 Ky. 59, 159 S. W. 609, 48 L. R. A. (N. S.) 840, Williams v. Eagle Bank, 172 Ky. 541, 189 S. W. 883, they are liable therefor, regardless of any usury represented therein. They insist, however, that the sum collected by the insurance companies was $568.87 in excess of the amount of such principal and subsequent interest, and that this sum was therefore usurious, and may be recovered. Conversely appellees insist that the petition shows that the sum

mentioned was retained in consideration of their accepting prepayment of a debt not due, and that this does not constitute usury. On this point in Hamilton v. Ky. Title Savings Bank & Trust Co., 159 Ky. 680, 167 S. W. 898, L. R. A. 1915B, 498, we said:

> "When one allows a debtor for a consideration to prepay a debt, it is not a loan or forbearance of money; rather the converse. The privilege of prepaying a debt is as much the subject of sale as any other chattel, and a creditor has as much right to sell or discount negotiable paper to the payor, as to any other person, and the discount or proceeds of the sale should not for that reason be considered usury."

In that case the debtors had defaulted on certain payments which authorized a precipitation of the entire debt. To liquidate this and secure a lower rate of interest the debtors negotiated a loan with a third party, and the creditors required them to pay 1 per cent. of the total amount of the debt in order to procure a release. Evidence was taken on both sides as to both transactions, and the above conclusions reached. One aspect of that case was stronger for the debtor than the one here considered, as there the creditor was proposing to precipitate all the indebtedness, indicating a willingness to accept the entire proceeds, while here it is not shown that the creditor ever indicated such a willingness. However, the cases are to be distinguished on another ground, and one upon which plaintiffs seemingly may rely. In this petition there is no intimation of an agreement or request for the defendants to receive anything in consideration of accepting prepayment of the debt before maturity, a matter directly in issue in the Hamilton case. On the other hand, the petition distinctly alleges that the excess payment was made for interest on the debt and for an unauthorized finance fee of $260 claimed by defendants. These allegations present a usurious contract, and, while they may be contradicted by answer, they must be accepted as true on demurrer. It follows that the court erred in sustaining the demurrer to the petition.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.