CASE 98—PETITION EQUITY—DECEMBER 13.

## Woollums v. Horsley.

APPEAL FROM BELL COURT OF COMMON PLEAS.

THE SPECIFIC EXECUTION OF A CONTRACT IS NOT A MATTER OF ABSOLUTE RIGHT IN THE PARTY, but of sound discretion in the court, and will not be decreed by a court of equity unless the contract is just and fair in all respects.

The court refuses in this case to uphold a judgment decreeing the specific execution of a contract by which the defendant sold to plaintiff all the oils, gases and, minerals in his mountain farm, with customary mining privileges, for forty cents per acre, it appearing that the defendant was an uneducated man, ignorant of what was going on in the business world, while the plaintiff was a man of varied experience in business, and was then buying mineral rights in that locality by the thousands of acres, and evidently familiar with all that was then going on and near at hand in the way of development in that section; and it appearing further that the land, which was chiefly valuable for its minerals, was worth, two years after the contract, fifteen dollars per acre.

Woollums v. Horsley.

W. M. BECKNER FOR APPELLANT.

The specific execution of a contract in equity is not a matter of absolute right in a party, but of sound discretion in the court, and the chancellor will not decree specific performance unless the plaintiff comes with clean hands and shows that he has performed his part of the contract with promptness.   (Petty v. Roberts, 7 Bush, 419; 2 Story's Eq. Jur., 769; Jones v. Noble, &c., 3 Bush, 694; Bigelow on Fraud, 450; Burnam v. Innis, 2 Bibb, 79; Turner v. Clay, 3 Bibb, 53; Butt v. Bondurant, 7 Mon., 422; Simon v. Wildt, &c., 84 Ky., 165; Eastland v. Vanarsdell, 3 Bibb, 276; Patterson v. Bloomer, 95 Am. Dec., 218; 42 Am. Dec., 466; Story's Eq. Jur., 206; Talbott v. Hooser, 12 Bush, 413; Pinkard v. Smith, Litt. Sel. cases, 333.)

HELM & BRUCE FOR APPELLEE.

As to the charge that the contract was procured by fraud there is a failure of proof.   Inadequacy of consideration is not fraud *per se*, but is simply a circumstance which may be considered as evidence of fraud.   (January v. Martin, 1 Bibb, 588; Craig v. Garnett, 9 Bush, 100.)

If there was no inadequacy either in the price or in the subject matter *at the formation of the contract* none can arise from subsequent events or change of circumstances.   (Pomeroy on Specific Performance of Contracts, sec. 195.)

In this case there is not a shadow of proof as to the value, at the time of making this contract, of either the land itself or of the minerals in the land.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

In August, 1887, the appellant, John Woollums, was living upon his mountain farm of about two hundred acres in Bell county.   He was then about sixty years old, uneducated, afflicted with disease disabling him from work, owned no other land, and but very little personal property.   He knew but little of what was going on in the business world owing to his situation and circumstances in life.   He moved in a small circle.

At this time the appellee, W. J. Horsley, who was then a man of large and varied experience in business; who was then buying mineral rights in that locality by the

thousands of acres, and who was evidently familiar with all that was then going on and near at hand in the way of business and development in that section, through his agent entered into a contract with the appellant, which was signed by the latter only, by which he sold to Horsley all the oils, gases and minerals in his land, with customary mining privileges, for forty cents per acre, and obligated himself to convey the same by general warranty deed, free of dower claim or other incumbrance, when the purchase money was paid, to-wit: one-half in three months and the balance in four months from the first payment, or as soon as the deed should be made, three dollars of it, however, being then paid.

It is suggestive upon the question of the then value of the purchase, and as regarded by Horsley, that his agent, who made it, was to get eighty dollars for his pay, or as much as Woollums was to receive for all he sold, and also that this agent does not testify in the case.

The purchase money was not paid as stipulated, but the reason given is that it was a sale of the minerals by the acre, and the quantity of land was not known and Woollums refused to survey it. Nothing appears to have transpired between the parties until the summer after the trade, when Horsley demanded a deed. He says he sent his agent to do so before that time, but it does not appear he did so.

In December, 1888, this suit was brought for a specific performance of the contract. The main defense is that it was procured through undue advantage, and under such circumstances that, in equity, its performance should not be decreed.

The answer also sets up inability to convey with con-

tingent right of dower relinquished, as the wife refused to unite in the deed; but it is alleged, and not denied, that the husband induced this refusal by her, and the appellee offered to accept a conveyance without her relinquishment, a proper reduction of the purchase money being allowed.   (Pomeroy on Contracts, sec. 438.)

The specific execution of the contract was ordered.

Considering all the circumstances, and the rule applicable in such a case, the judgment should not be upheld.

There is a distinction between the case of a plaintiff asking a specific performance of a contract in equity, and that of a defendant resisting such a performance.   Its specific execution is not a matter of absolute right in the party, but of sound discretion in the court.   It requires less strength of case on the side of the defendant to resist the bill, than it does upon the part of the plaintiff to enforce it.   If the court refuses to enforce specifically, the party is left to his remedy at law.

Thus a hard or unconscionable bargain will not be specifically enforced, nor, if the decree will produce injustice or under all the circumstances be inequitable, will it be rendered.   In other words, a court of equity will not exercise its power in this direction to enforce a claim which is not, under all the circumstances, just as between the parties, and it will allow a defendant to resist a decree, where the plaintiff will not always be allowed relief upon the same evidence.

A contract ought not to be carried into specific performance unless it be just and fair in all respects.   When this relief is sought ethics are considered, and a court of equity will sometimes refuse to set aside a contract, and yet refuse its specific performance.

Story says: "Courts of equity will not proceed to decree a specific performance where the contract is founded in fraud, imposition, mistake, undue advantage, or gross misapprehension; or where, from a change of circumstances or otherwise, it would be unconscientious to enforce it." (2 Story's Equity, sec. 750a.)

Kent also says: "It is a rule in equity that all the material facts must be known to both parties to render the agreement fair and just in all its parts; and it is against all the principles of equity that one party, knowing a material ingredient in an agreement, should be permitted to suppress it and still call for a specific performance." (2 Kent, p. 491.)

It was held in Patterson v. Bloomer, 95 Am. Decisions, 218, and the same rule has been announced in other cases, that an application for specific performance is addressed to the court's sound discretion, and will not be granted unless the contract is made according to legal requirements; is certain, reasonable, equitable, mutual, on sufficient consideration, consistent with public policy, and is free from gross misapprehension, fraud, surprise or mistake.

The appellee testifies that he did not know anything as to the mineral value of this land when the contract was made; but it is evident he had a thorough knowledge of the value in this respect of lands generally in that section, and of the developments then in progress or near at hand.

All this was unknown to the appellant. It is evident his land was valuable almost altogether in a mineral point of view. While it is not shown what it was worth at the date of the contract, yet it is proven to have been worth

Woollums v. Horsley.

in April, 1889, fifteen dollars an acre, and that this value arises almost altogether from its mineral worth; and yet the appellee is asking the enforcement of a contract by means of which he seeks to obtain all the oil, gas, and minerals, and the virtual control of the land, at forty cents an acre. The interest he claims under the contract is substantially the value of the land. Equity should not help out such a harsh bargain.

The appellee shows pretty plainly, by his own testimony, that when the contract was made he was advised of the probability of the building of a railroad in that locality in the near future. His agent, when the trade was made, assured the appellant that he would never be bothered by the contract during his life time. He was lulled in the belief that the Rip Van Winkle sleep of that locality in former days was to continue; and the grossly inadequate price of this purchase can only be accounted for upon the ground that the appellant was misled and acted under gross misapprehension.

The contract was not equitable or reasonable, or grounded upon sufficient consideration, and no interest has arisen in any third party. A court of equity should, therefore, refuse its specific enforcement, but the appellant should have what was in fact paid, with its interest; and when this is done his petition should be dismissed.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.