FRANCES RUDOLPH KITTINGER,

*vs.*

DAVID ROSSMAN.

## *New Castle, July* 12, 1920.

Building restrictions imposed by a grantor on lots, being evidently for the benefit, not only of the grantor, but also of his grantees and subsequent successors in title, the burden, as well as the benefit, of the restriction was an incident to ownership of the lots, for in a neighborhood scheme the burden follows the benefit.

Where there was a substantial building on the lot contracted for, erected more than 40 years prior to the suit brought by seller for specific performance, which the building violated, by being within a building line with which the lot was restricted, specific performance would be denied, for, while the owner, so long as the existing building remained, might be secure from attack based on infraction of the restriction, yet the right to erect a new building on the same location, in violation of the restriction, in case the existing building were removed, not being clear, the court could not make any decision thereon which would bind persons, not parties to the cause, who might have a right to enforce the restriction.

Where a lot owner took title through one who acquired title by sheriff's deed, made after sale on a *levari facias* on a judgment against a mortgagor entered by default, although it appeared of record that the mortgagor had not been served, but after the judgment and before the sale the mortgagor appeared and filed a paper accepting service and confessing judgment, the title was not defective or unmerchantable.

That a deed in the chain of title, recited as made in 1851, was not of record, and had not been produced, did not render the title unmarketable after the lapse of years of undisputed possession in the seller and her predecessors in title.

Where seller admitted that of the city lot contracted for she did not own a small plot 3 feet by 1 foot 5½ inches, which was owned by the city, lying in front of the lot, title *held* defective, although the plot was outside the city building line.

BILL FOR SPECIFIC PERFORMANCE by the seller of a contract for the purchase of land. The case was heard on the bill, answer, amended answer and testimony of witnesses and exhibits. The opinion of the Chancellor sets forth the facts.

*Leonard E. Wales*, for complainant.
*William S. Prickett*, for defendant.

THE CHANCELLOR.   In this case the seller seeks to compel the buyer to take a deed for two lots of land in Wilmington with dwelling houses erected on each lot, and known as Nos. 411· and 413 Delaware Avenue, and the defenses set up are four specific defects in the title of the complainant to the land described in the deed which she tendered to the defendant.   These objections will be considered separately.

The first objection is a burdensome building line restriction. The defendant agreed to buy two parcels of land, on each of which is a permanent brick building heretofore used as a residence, both built more than 40 years ago, each within 12 feet of the building line of the northerly side of Delaware Avenue as the line was then established.   In the last deed conveying the two lots, made ·in 1905 to the complainant, there is a restriction against erecting on the lot a building nearer to Delaware Avenue than 12 feet, and·this same restriction is in every prior deed conveying either of the lots from :the time the restriction was first established in 1847 by William W. Torbert in a deed then made by him to a predecessor in title.   The buyer, believing that this restriction is a serious limitation on his use of the property which he agreed to buy, and fearing that in·the future it might be enforced, especially if he or his successors should now or later tear down the present buildings and commence the erection of a new building on the same site, objects to being compelled to take the title to the land and perform the contract of sale.

For the complainant it is urged that by reason of certain facts proved the restriction is no longer binding and that no one is in a position to enforce the restriction.   It was shown that William W. Torbert owned about 235 feet of land fronting on the northerly side of Delaware Avenue, including the land of the complainant, being all of the land between West and Washington Streets, and between 1847 and 1899 sold lots fronting on Delaware Avenue, inserting in the deed for each lot a simple restriction against building nearer than a certain distance from the Avenue, the distance in those to the east and west of the complainant's land being 7 feet, and the complainant's restriction being 12 feet.   It was also shown that none of the buildings erected and now standing east of the complainant's land violated

the 7 foot restriction. At present there are no buildings to the west of the complainant's land, the buildings thereon having been removed, and it did not appear whether or not the restriction was violated by their erection. Owners of some of the lots east of the complainant's land joined with the heirs at law of William W. Torbert in a deed declaring null and void the restriction, but it did not include owners of all of the lots to the east of the complainant's land, or any to the west thereof.

The building restrictions imposed by Torbert were evidently for the benefit not only of the grantor, but also of his grantees and subsequent successors in title; and the burden, as well as the benefit, of the restriction was an incident to ownership of the lots. "In a neighborhood scheme the burden follows the benefit." *Sanford v. Keer*, 80 *N. J. Eq.* 240, 83 *Atl.* 225, 40 *L. R. A.* (*N. S.*) 1090; *Rogers v. Zwolak*, (*ante p.* 200) 110 *Atl.* 674. There is no convincing evidence of an express or implied abandonment or extinguishment of the restriction by the owners of all of the land entitled to the benefit of it. The owner of the complainant's land, so long as the present building remains, may be secure from attack based on an infraction of the restriction. It is not at all clear, however, that in case the present building on the complainant's land should be removed a new building could be erected on exactly the same location in violation of the restriction. But no opinion thereon is expressed in this present case, for the obvious reason that no authoritative decision can be made binding on persons not parties to the cause who may have a right to enforce the restriction. As was said in a similar kind of a case by the Court in *Jeffries v. Jeffries*, 117 *Mass.* 184:

"The effect of this proceeding in equity, if the plaintiff [the vendor] should prevail, would be to require the defendant to accept as perfect a title which he may hereafter be compelled to defend against incumbrances now pointed out, the validity and effect of which cannot now be conclusively determined as against future litigants who may seek to enforce them."

A court of equity will not under such circumstances compel a purchaser to take a title incumbered apparently by the burden of a restriction already violated and the right to enforce which in the future is not clearly without foundation. *Jeffries v. Jeffries, supra.*

The second objection to the title does not seem to raise even a cloud on the title. The complainant took title through Spencer D. Eves, who acquired title in 1860 by a sheriff's deed made after a sale on a *levari facias* on a judgment against Thomas Harvey as mortgagor. In the *scire facias* suit on the mortgage judgment was entered by default, though it appeared of record that Thomas Harvey had not been served with proceess. After the judgment was obtained, and before the sale by the sheriff, there was filed in the cause a paper signed by Harvey appearing *gratis*, accepting service and confessing judgment for a stated sum. This declaration by the defendant even if it did not validate the judgment, which it probably did, is of such a character as to protect the purchaser at the sale by the sheriff. The title is not defective or unmerchantable by reason of this objection.

As a third objection it was alleged that Thomas Harvey above mentioned, acquired title in 1853 by deed of William and Alexander Purvis, but that the deed to Alexander Purvis recited as made in 1851 is not of record, and has not been produced.. This is not a tenable objection after the lapse of years of undisputed possession in the complainant, and her predecessors in title, as shown by the evidence.

The fourth objection is that the complainant does not own all of the land included in the deed tendered to the defendant. It is admitted that she does not own a very small lot of land 3 feet by 1 foot $5\frac{1}{2}$ inches, and that the title thereto is in the city of Wilmington. But small as it is, this lot is vitally important to the purchaser because it lies on the front of the lot facing on Delaware Avenue. The purchaser is entitled to have a good title to all of the land covered by the agreement, so that he can take his own chances as to future municipal action relating to so much of it as is within the building lines of the Avenue established by the city. He surely should not be compelled to take the deed tendered him which conveys land part of which the seller does not own.

For these reasons, hereinbefore stated, the decree for specific performance by the defendant will not be awarded.