## Bean v. Brown.

(Decided February 22, 1924.)

### Appeal from Boyle Circuit Court.

1. Specific Performance—Unreleased Lien no Defense to Action for Performance.—The existence of an unreleased lien on land which can be satisfied out of the purchase price is no defense to an action for specific performance of a contract of sale.

2. Mortgages—Lien Held Released by Life Tenant and Guardian of Remainderman.—Where sum was paid to father by order of court to be invested by him in land for his benefit for life, but with remainder to his daughter, and he took a mortgage on land, the

mortgage was effectively released, where released of record by the father, and also by the guardian of his infant daughter, the remainderman, in view of Ky. Stats., section 498a-3.

3. Vendor and Purchaser—Purchaser Cannot Refuse to Accept Deed by Reason of Lien.—One contracting to purchase land cannot refuse to accept a deed because a release of a lien on the land was defective, but can only insist that the lien be effectively released before he be required to pay so much of purchase money as would insure its payment.

4. Vendor and Purchaser—Purchaser Not Justified in Refusing Deed, Where Defect in Title Remedied when Seller's Attention was Called to it.—Purchaser of land was not justified in refusing to accept a deed when tendered, because an inchoate right of dower of a third party in part of the land had not been conveyed to him, seller procuring deed from such third party, and again tendering a deed for the whole of the land within twenty-four hours after his attention was called by the purchaser to this defect in title.

5. Vendor and Purchaser—Duty of Purchaser to Point Out Defect in Title to which he Objects.—It is the duty of one contracting to purchase land, when a deed is tendered to him, to point out any defect in title to which he objects and give the seller an opportunity to correct same, if he can within a reasonable time.

6. Evidence—Presumed that Purchaser of Land Knew that Portion of Highway was Included in Exhibited Plat.—It must be presumed, in absence of evidence to the contrary, that purchaser knew that a portion of a highway was included in the exhibited plat and survey of the land upon which his bids therefor at public auction were made, and that it was understood at the time that same was included in the boundaries sold and to be paid for at the agreed purchase price.

7. Specific Performance—Denied where Conditions have so Changed that it would be Unconscionable.—Specific performance will not be granted where, between the time when deed was to be made and the time when it was tendered, conditions had so changed that it would be unconscionable to enforce the contract, but this equitable principle does not apply where the deed was to be delivered January 1st, and the purchaser took possession on that date and requested a few days' delay in making the deed to complete his arrangements to make the payment then due, and the deed was actually tendered on Janury 11th.

8. Vendor and Purchaser—Seller Held Entitled to Interest from Date Deed was to be Delivered—Income from Land Credited to Buyer.—Where deed was to be delivered January 1st, and purchaser went into possession on that date, and requested delay in delivery of deed so that he could raise certain payment then due, and refused to accept deed when it was tendered, and abandoned the land, and a receiver was appointed to take charge of and manage same under direction of court, pending termination of the litigation, plaintiff seller was entitled to interest on the purchase price from January 1st, but net income derived from the re-

ceiver's operation of the farm should be credited upon the judgment.

GEO. E. STONE, HENRY JACKSON and CARLILE MINOR for appellant.

RODES & RODES, PURYEAR & CLAY, and BRONAUGH & BRONAUGH for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellee sold his farm of 245.41 acres at public auction, on August 19, 1920, when appellant became the purchaser at $255.05 per acre.

By the terms of the sale 10% of the purchase price was to be paid in cash, 23 1-3% on January 1st, 1921, and the balance in four equal annual payments, to be evidenced by notes of the purchaser and secured by lien on the land, with a provision that upon default in payment of any installment the whole of the purchase price should become due.

The purchaser was to be allowed to seed the land in the fall, and the seller was to deliver a general warranty deed and surrender possession on January 1, 1921.

Immediately following the sale, the ten per cent cash payment was made by appellant, and the contract was reduced to writing and signed by the parties. On January 1, 1921, appellant moved upon and took possession of the farm. On January 11th, appellee tendered him a general warranty deed for the land, which appellant refused to accept, and in February he moved off of the land. In March, appellee instituted this action for specific performance of the contract and for judgment against appellant for the whole of the unpaid purchase money, and a sale of the land in satisfaction thereof.

By his answer and counterclaim, appellant denied that appellee was ready, willing, or able to convey him the land on January 1, 1921, or at all, or that either of the deeds tendered him conveyed good title to the whole of the land, and because thereof he asked a cancellation of the contract and a judgment for the $6,259.15 he paid appellee when the contract was executed.

The defects in the tendered title relied upon as grounds for cancellation of the contract are: (a) An unreleased mortgage for $4,497.00 on about 200 acres of land; (b) an inchoate right of dower of a Mrs. Owens in 35 acres of the land, and (c) the inclusion in the deeds of

3.95 acres of land outside of the fence and within the public roads upon which the farm bordered.

Thereafter appellant filed an amended answer amplifying some of the defenses already offered, and alleging that he was ready, willing, and able on January 1, to accept a deed and make the payment then due, but that owing to a money stringency and depression in farm lands occurring between January 1st and April 12th, he was unable to raise the money with which to make it upon the latter date when the second deed was tendered to him.

A demurrer was sustained to each paragraph of the answer as amended, except the one setting up the defect in appellee's title to the 35 acres, and to this paragraph appellee filed a reply alleging that appellant had not called his attention to and he did not know of the defect in his title to the 35-acre tract until the answer was filed on April 11, 1921, and that within 24 hours thereafter he had his title to that tract perfected, and tendered to appellant another deed to the whole boundary, which appellant refused to accept.

Appellant filed rejoinder traversing some of the allegations of the reply, but introduced no evidence, and appellee's evidence fully sustains him upon every question of fact in issue on the pleadings. Upon submission, appellee was awarded the relief sought, and from that judgment appellant has prosecuted this appeal.

It is thoroughly established that the existence of an unreleased lien which can be satisfied out of the purchase price is no defense to an action for specific performance of a contract of sale. (Peak v. Gore, 94 Ky. 533, 23 S. W. 356; Posey, et al. v. Kimsey, 146 Ky. 205, 142 S. W. 703.)

Besides, before tendering the deed to appellant, appellee satisfied the mortgage for the $4,497.00 complained of, and had the lien released of record not only by the named mortgagee, who under section 498a-3, Kentucky Statutes, is the only person who could release same, but also by the guardian of his infant daughter, Christine Brown. Appellant insists that neither of these releases was effective to take the land out of lien to secure the payment of the $4,497.00 to Christine Brown at the death of her father, the appellee, because this sum was paid to her father by order of the Jessamine circuit court, to be invested by him in land for his benefit for life but with remainder to his daughter, Christine.

While we think the lien was effectively released, we need not decide that question, since whether so or not that fact did not warrant a refusal by appellant to accept the deed from appellee for the land, but only to insist that the lien should be effectively released before he be required to pay so much of the purchase money as would insure its payment.

The court therefore did not err in sustaining a demurrer to the paragraph of the answer pleading the facts back of the execution of this mortgage upon the land by appellee.

The next contention is, that appellant was justified in refusing to accept the deed when tendered on January 11, because of the fact that in the deed to appellee the inchoate right of dower of Mrs. Owens in 35 acres of the land had not been conveyed to him. Appellee, however, procured a deed therefor from Mrs. Owens, and again tendered a deed to appellant for the whole of the land within 24 hours after his attention was called by appellant to this defect in title.

That the first deed tendered was not rejected on this account is apparent, and as it is the duty of the purchaser to point out any defect in title to which he objects and give to the seller an opportunity to correct same if he can within reasonable time (Logan v. Bull, 78 Ky. 607), and as appellee corrected this defect within 24 hours after his attention was called to it by appellant, it is patent defendant's refusal to accept the deed was not justified by this defect in title.

The next complaint is, the inclusion in the deed tendered appellant of 3.95 acres of land that lies within public roads bordering on the farm. Because of this fact appellant asked a *pro rata* reduction in the purchase price, if denied a cancellation of the contract.

That he was not entitled to either is we think clear. His sole reliance in support of both of these contentions is, Jones v. Prewitt, 128 Ky. 496, 108 S. W. 867, where it was held that specific performance would not be enforced against a purchaser where the deed was tendered upon the condition that he accept and pay for 5.28 acres of land included in a railroad right of way running through the land, and for which the seller had been paid by the railroad company.

After reviewing several cases from this state in which an abatement in the purchase price or cancellation

of the contract had been denied where the deed covered public roads, the court said:

"Although the rule in this state as announced in the foregoing cases is that, when the purchaser accepts a conveyance with knowledge of the existence of a highway or railway, he cannot thereafter obtain an abatement of the purchase price or a cancellation of the contract on account of the incumbrance, this principle will not be applied to railway rights of way as against a purchaser under an executory contract, in the absence of evidence showing that it was the intention of the purchaser to pay for the land inclosed in the right of way, when he objects in seasonable time to accepting a conveyance of the property that would require him to pay for the right of way."

It is insisted for appellant that the doctrine of this opinion is, that while relief will not be granted against an executed contract, it will be granted against an executory contract upon seasonable objection thereto. This, however, is not the only factor involved, since, as will be seen from the opinion, the court's conclusion was based upon the fact that the railway right of way had been purchased from the seller, and other circumstances from which it was inferred, in the absence of any evidence to the contrary, that payment for the right of way was not contemplated by the parties.

Assuming but not deciding that the doctrine of the above case is applicable under like facts and circumstances to a public highway bordering on a farm, it is clear this case does not fall within that doctrine, since from the facts and circumstances here it must be presumed in the absence of evidence to the contrary that appellant knew that a portion of the highway was included in the exhibited plat and survey of the farm upon which his bids were made, and that it was understood at the time that same was included in the boundary sold and to be paid for at the agreed purchase price.

The final ground relied upon for cancellation is, that between January 1, when the deed was to be made, and April 12, when it was tendered, conditions had so changed that it would be unconscionable to enforce the contract.

The equitable principle upon which this contention is based is sound, and has been many times approved by

this court (Jenkins, et al. v. Dawes, et al., 183 Ky. 25, 207 S..W. 689; Bluegrass Realty Co. v. Shelton, 148 Ky. 666, 147 S. W. 33; Woollums v. Horsley, 93 Ky. 582, 20 S. W. 781), but the facts do not bring this case within that equitable principle, since appellant's whole case depends upon his right to have refused to accept the deed tendered on January 11, and not upon his refusal to accept the deed tendered in April for the sole purpose of correcting a defect in title not theretofore called to attention.

There is no allegation that appellant's condition materially changed between January 1, when the deed according to the original contract was to be made, and on January 11, when the tender was made. Besides, it was alleged and proved by the plaintiff without contradiction that appellant took possession on January 1 and requested a few days' delay in making the deed to enable him to complete his arrangements to make the payment then due.

We are therefore clearly of the opinion that there is no merit in this last, or any of appellant's tendered defenses, and that the court did not err in enforcing specific performance of the contract and in ordering a sale of the land to satisfy the unpaid portion of the agreed purchase price.

The final contention upon this appeal is, that the court erred in adjudging interest against appellant from January 1, 1921, but this is in accordance with the terms of the contract, and no reason is disclosed by this record why in good conscience interest should not have been allowed from that date, as was the case in Altoona Trust Co. v. Ison, 171 Ky. 217, 188 S. W. 344, upon which appellant relies. There the seller, though granted specific performance, was denied interest during the period he retained possession and used the land beyond the time agreed upon for its transfer, as was both equitable and just. Here appellant was put in possession of the land upon the agreed day, and, having later abandoned it, a receiver was appointed to take charge of and manage same under the direction of the court, pending the termination of the litigation.

Appellant therefore is not equitably entitled to be relieved of the interest, but only to receive the net income derived from the receiver's operation of the farm,

which had not been ascertained when the judgment appealed from was entered, and which amount when ascertained will be paid to appellee for credit upon the judgment herein, if that has not already been done.

Judgment affirmed.