## Haney et ux. v. Caskey.

Nov. 9, 1943.

H. R. Wilhoit for appellants.

J. W. Riley and G. W. E. Wolfford for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Al Caskey sued Herb Haney and Lottie Haney, his wife, to recover $350, the balance due on certain notes executed by the defendants for a motor truck purchased from Caskey by Herb Haney. The plaintiff also asked to be adjudged a lien on certain land owned by Mrs. Haney, and that it be sold to satisfy the debt. The Haneys had executed and delivered to Caskey a mortgage on the land to secure the notes. Herb Haney counterclaimed, seeking $600 in damages allegedly caused by the fraud and misrepresentation of the plaintiff in the sale of the truck. The pleadings and the proof showed that Mrs. Haney signed the notes as surety and received no benefit from the transaction. The chancellor dismissed the counterclaim and entered a judgment in favor of the plaintiff against the defendant, Herb Haney, for $250, and ordered a sale of the real estate. The defendants have appealed.

Herb Haney was engaged in the trucking business in Olive Hill, Kentucky, and in June, 1939, went to Morehead where he purchased a motor truck from the appellee for $550. He and his wife executed eleven notes for $50 each, the last one due May 1, 1940. Four of the notes were paid. Haney testified that the truck was represented by appellee to be a Dodge truck with a 1938 model engine in good condition; that after he began using the truck he discovered it was equipped with a 1935 Plymouth passenger car engine which was wholly worn out and worthless, and he was compelled to replace it with another engine. According to Haney and two or three other witnesses introduced by him, the truck was defective in other respects. He said that about three weeks after he bought the truck he told appellee about its condition, requested him to take it back and to surrender the notes. This was before any of the notes were due, four of which he afterwards paid. Appellee testified that he sold Haney a 1938 model Dodge truck in June, 1939. The truck had been used as a school bus, and the body was removed and a new cab and bed were put on the chassis. Haney had examined and driven the car and assisted in making the change of bodies. After paying four of the notes Haney fell behind in his payments, and appellee made several trips to Olive Hill to collect the notes but on each occasion Haney asked for time and promised to make a payment soon. Appellee was accompanied on two trips by his attorney and on two trips by Mrs. Ida Wheeler, both of whom corroborated him. Haney at no time complained of the condition of the truck or said that it was unsatisfactory. A few months after the sale he purchased an engine from appellee to replace the one in the truck when he purchased it, saying that he had permitted the water in the engine to freeze. Haney did not contradict any of these statements. On December 24, 1940, the appellants signed a writing agreeing to convey the mortgaged land to appellee or to pay him $250 by January 25, 1941. The instrument provided that the notes should be canceled and the mortgage released if the appellants paid appellee the sum of $250 on or before that date. Appellants failed to fulfill the agreement, and this suit was instituted. The judgment is fully sustained by the evidence.

The appellee argues that he was entitled to a judgment for the full amount of the notes and to a personal judgment against Mrs. Haney, and asks for a reversal

on his cross-appeal. We find that no motion for a cross-appeal was made before final submission of the case, and, consequently, no cross-appeal is before us. Center v. Rose, 252 Ky. 463, 67 S. W. (2d) 698. A cross-appeal cannot be taken by a request that the appellee's brief be treated as such. Cyphers v. Runyon, 218 Ky. 5, 290 S. W. 671.

Judgment affirmed.