## Guill et al. v. Pugh.

October 4, 1949.

C. H. Lowry for appellants.

Boyd & Boyd for appellee.

JUDGE KNIGHT—Affirming.

This is a suit by appellee to recover from appellants the sum of $500 which she had paid to appellants as a down payment on a house and lots which she had contracted to purchase from them but which contract was never consummated and the property involved was not conveyed. The contract between the parties was entered into on March 24, 1948, and by its terms appellants agreed to sell and appellee agreed to buy for the sum of $9500 a certain house and three lots in Sunset Court Addition to Paducah fully described in the contract. Of

this sum appellee was to pay and did pay upon execution of the contract the sum of $500 as part of the purchase price. There was no provision in the contract that this $500 advance payment was to be retained by the seller as liquidated damages in the event the buyer failed to perform her part of the contract. There was a provision in the contract that the sale was conditioned upon the approval of the title to the property based upon an examination of the public records and in the event it should be determined that the sellers could not convey a good fee simple merchantable title free of all liens and encumbrances, then the purchaser would be entitled to a return of the $500 paid upon execution of the contract.

In the petition and first amended petition appellee alleges in substance that the title to said property is defective and unmerchantable in that it is subject to outstanding claims held by adjacent property owners who claimed that appellants had artificially diverted surface water upon the property of said adjacent lot owners and that appellants had been notified that they and their successors in title would be held responsible for any damages caused said adjacent property by reason of this artificial diversion and that this drainage controversy had been intentionally and fraudulently concealed from her. It is further alleged that the property in question was subject to two mechanics' liens totaling $1685.61 which had been filed against it, constituting additional encumbrances. By a second amended petition it was alleged that on May 24, 1948, which was subsequent to the filing of this suit, appellants had conveyed the property involved to John M. Boswell and wife for a sum in excess of $9500 and that by this action appellants were unable to comply with their contract.

A general denial made up the issues and upon a trial before a jury the lower court gave peremptory instructions to find for the appellee the sum of $500 and interest from March 24, 1948, until paid. This appeal is prosecuted from the judgment based upon that verdict.

It is doubtful, and it is not necessary for us to decide, whether or not the controversy between appellants and their neighbors concerning the drainage problems complained of, constituted such a lien or encumbrance

on the property involved as would justify a rescission thereof by the purchaser. Certainly the two mechanics' liens against the property were not, since these were liens which could have been satisfied out of the purchase price and released when the deal was finally closed, as is customary in real estate and mortgage transactions. Bean v. Brown, 202 Ky. 215, 259 S. W. 47. It is not essential that the vendor of land be able at the time he enters into the contract for its sale to convey a perfect title in order to make the contract valid, since it is competent for him to acquire the title afterwards, or clear encumbrances thereon and render himself able to convey a perfect title at the time he is called upon by his contract or by the law to do so. Schmidt v. Martin, 199 Ky. 782, 785, 251 S. W. 999.

We think the acts of the parties constitute a rescission of the contract as fully as though it had been done by agreement. Appellee rescinded her contract by notifying appellants she would not go through with it, and by filing this suit on April 23, one month after the contract, to require return of the amount paid thereunder. Appellants in effect rescinded the contract by selling the property to someone else while the suit was pending thus making it impossible for them to comply with the contract. It is shown by appellants' own proof that on May 24, 1948, they sold the property herein involved to third parties not involved in this suit and received $9650 therefor. They therefore suffered no damages but instead made a gain of $150. To allow them to retain the $500 down payment would result in an unjust enrichment at the expense of the appellee and to which they were not entitled under the terms of the contract. Forfeitures are not favored under the law and there is nothing in this contract which could be construed as giving appellants the right to forfeit this down payment, especially under the facts in this case where they gained by the nonconsummation of the contract.

We are therefore of the opinion that the court below properly instructed the jury to find for the plaintiff and the judgment is therefore affirmed.