## DORR v. SMITH et al.

Court of Appeals of Kentucky.

June 19, 1953.

Norris McPherson, Louisville, for appellant.

H. Bemis Lawrence, Louisville, for appellees.

CAMMACK, Justice.

This is an appeal from a judgment of the Jefferson Circuit Court awarding the appellee, Smith, $3,516.74 in damages against the appellant, Dorr, for breach of contract to purchase Smith's electrical appliance business. Dorr's principal contention is that the contract was not enforceable because of impossibility of performance, since his offer was conditioned on assignment of the lease on the store building with a valid renewal option, and Smith's lease contained no such option.

Smith leased the store building in August 1946, from Eline Realty Company for a three-year term. Eline at that time refused to give Smith an option to renew for the same term at the same price, anticipating a raise in rental values. At Smith's insistence Eline inserted the following provision in the lease:

"Party of the first part (Eline) agrees to give the parties of the second part (Smith) the privilege of a new lease at the expiration of same at a price agreed on by both parties."

In December, 1947, when the initial lease still had 18 months to run, Smith listed the business for sale with Murphy, a real estate broker. When Dorr appeared as a prospective buyer, on January 19, 1948, Elrod, Murphy's agent, took him to examine the premises. Dorr inspected them again the next day in the company of his wife and on January 22 made an offer which was rejected.

On January 24, Dorr made a second, more generous offer, accompanied by a $1,000 deposit and this offer was accepted. The offer contained the following condition:

"This proposition is contingent upon the transfer of present lease and first option on renewal upon expiration of present lease."

There was testimony that Dorr tried to withdraw the offer at the end of January, due to ill health, and was persuaded by Murphy to go ahead with the deal. On February 5, Smith mailed the lease, endorsed with Eline's consent to an assignment, to Dorr's attorney, and on February 7 and 8 Smith and Dorr took inventory. On February 10, Dorr told Smith that, upon advice of his lawyer, he was not going to buy the store.

There is conflict in the evidence as to whether or not Dorr actually saw the lease before signing the contract. His pleadings and testimony set February 6 and 8 as the first time he saw the lease. On the other hand, Smith, Mrs. Smith and Elrod testified that Dorr saw the lease when he inspected the business on January 19, discussed its provisions at length, and was advised that there was an expectation that the monthly rental would be increased on expiration of the first lease. Eline also testified that he had discussed the terms of the lease and his intentions under it with Dorr before his offer of January 24. Eline's secretary testified to the same effect. Certainly the trial court could reasonably conclude that Dorr saw the lease before he made his offer and not only had an opportunity to know its provisions, but had seen the "privilege" provision and had discussed its meaning with the lessor, lessee and broker.

Dorr contends that his written offer called for assignment of the lease, with an option to renew; that this plainly means "with an option to renew at the same terms for the same length of time"; and that there is no room for construction of the contract or for introduction of parol evidence to vary the meaning. These contentions ignore the actual wording of the contract. Dorr called for "transfer of present lease and first option on renewal." What does a "first option" mean? Does the word "present" refer only to the lease or also to the present option? This peculiar language, inserted in the offer by Dorr, creates such ambiguity as to justify a resort to parol evidence to ascertain the intent of the parties. There is clear and convincing testimony in the record to show that Dorr knew the present lease gave the lessee only a privilege of a new lease and that all parties understood this to mean that Eline would fix a new rental upon termination of the lease and give the lessee the first refusal. The trial court had ample grounds to conclude that Dorr's "first option" meant only that he wanted the same privilege under the assignment that Smith had under the lease. The contract so interpreted was not impossible of performance and the judgment holding Dorr liable for breach of contract is correct.

After Dorr notified Smith that he would not go through with the contract, Smith operated the business until April 2, 1948, when he sold it to Yenawine for $5,450. In assessing damages, the trial court awarded Smith the difference between the contract price and the sale price, with adjustments for depletion of inventory and the real estate commission on the re-sale, subject to a credit of $1,000 for the deposit.

Smith filed a motion for a cross-appeal, claiming additional sums for operating expenses during the period between

February 15 and April 2. The motion came too late, since it was filed after the case was submitted. Haney v. Caskey, 296 Ky. 293, 176 S.W.2d 393. In addition, the evidence does not justify a reversal of the trial court's disallowance of these items. If the cross-appeal were duly before us, it would be affirmed.

Dorr makes two additional contentions in his brief: (1) that the contract was void under the Bulk Sales Act, KRS, Chapter 377; and (2) that Smith could not perform the contract to convey since his wife was a part owner. Both of these contentions are without merit. The Bulk Sales Act was passed to protect the creditors of a seller from a loss due to a sale of an entire business. Dorr construes the act as literally requiring a seller to list all creditors, personal and otherwise, and as permitting the purchaser to avoid the sale on this ground at any time if he discovers that the seller had failed to list a creditor. The statute was not intended to give the purchaser the right to invoke the act where the seller's creditors do not object. 6 Williston on Contracts 4918, section 1739.

6 Corbin on Contracts 978 (section 1514) says:

"A statute called the 'Bulk Sales Law' provides that a certain type of sale transaction shall be 'fraudulent and void' unless specified notices are given for the protection of the seller's creditors. Even though these notices are not given, the seller can maintain suit against the buyer for the price. Such a statute does not make the sale illegal, nor even void of legal effect (in spite of the use of the word 'void'). As between buyer and seller the sale is neither void nor voidable. The statute merely makes it voidable against both parties for the benefit of creditors * * * *."

Likewise, Dorr as the prospective purchaser cannot object that Smith's wife had an interest in the business when there is no showing that Smith could not give perfect title at the time for performance. Dupre v. Hortsman, 238 Ky. 382, 38 S.W.2d 236; Guill v. Pugh, 311 Ky. 90, 223 S.W.

2d 574, citing Schmidt v. Martin, 199 Ky. 782, 251 S.W. 999.

The judgment is affirmed on the appeal, and the cross-appeal is dismissed.