**Harry NORMAN et al., Appellants,**

v.

**WILLIAM KOCH MOTORS, INC., Appellee.**

Court of Appeals of Kentucky.

Jan. 20, 1961.

Harris & Becht, Louisville, for appellants.

Hunt & Fitch, Louisville, for appellee.

CULLEN, Commissioner.

Harry Norman and wife appeal from a judgment requiring them to specifically perform a contract for the purchase of a subdivision lot from William Koch Motors, Inc. (hereinafter referred to as "Koch").

The contract was dated March 11, 1956. It provided for a down payment of ten percent of the purchase price (which was made) and for the balance to be paid on or before September 26, 1956. The vendor was required to convey title by deed of general warranty. A date for delivery of the deed was not specified but apparently it was contemplated that the deed would be delivered at the time the balance of the purchase price was paid.

At the time the contract was made Koch held title to the lot. However, during the course of the title examination by the purchasers' attorney it was discovered that a federal tax lien had been filed on July 17, 1956, against Koch's property. On September 5, 1956, Koch secured the release of the lot from the lien and on the same day Koch conveyed the lot to another corporation, Bell & Koch, Inc.

On or about September 25, 1956, Koch tendered to the Normans a warranty deed from Bell & Koch, Inc., conveying the lot in question. The Normans refused to ac-

cept the deed because it was not a direct deed from Koch and because they considered the contract to have been breached at the time Koch conveyed the lot to Bell & Koch, Inc. A stipulation in the record recites that Koch offered to give the Normans another deed but they refused it. The judgment recites that during the course of the instant action (which was an action by the Normans for return of their down payment with a counterclaim by Koch for specific performance) Koch offered a deed which conformed in all respects to the Normans' demands but the Normans would not accept it. The judgment required the Normans to accept the deed and to complete payment of the purchase price.

We may concede the correctness of the appellants' basic contention that under the contract calling for a general warranty deed the appellants could not be compelled to accept a deed from anyone other than Koch. See 55 Am.Jur., Vendor and Purchaser, sec. 317, pp. 748, 749; Taylor v. Porter, 31 Ky. 421, 25 Am.Dec. 155. But since their right to a personal deed from Koch could be waived by them it was their duty, upon rejecting the deed from Bell & Koch, Inc., to allow Koch a reasonable time in which to obtain a reconveyance from Bell & Koch, Inc. and tender a personal deed meeting the vendors' requirements. 55 Am.Jur., Vendor and Purchaser, sec. 319, p. 751; see also Bean v. Brown, 202 Ky. 215, 259 S.W. 47, wherein the court said that it is the duty of the purchaser to point out any defect in title to which he objects and give the seller an opportunity to correct same within a reasonable time. And since the vendee here did not allow Koch any time in which to meet their demand for a personal deed, but adopted the position that the contract was breached, it was sufficient that Koch place himself in a position to give a personal deed during the pendency of the action for specific performance. Dupre v. Hortsman, 238 Ky. 382, 38 S.W.2d 236;

92 C.J.S. Vendor and Purchaser § 220, pp. 88, 89. The appellants contend that the record does not show that Koch obtained a reconveyance from Bell & Koch, Inc. and tendered a personal deed, but the recitation in the judgment clearly indicates that this was done.

The rule perhaps might be different where the contract of sale makes time of the essence with respect to delivery of the deed. But the contract here in question does not. See Tapp v. Nock, 89 Ky. 414, 12 S.W. 713; Bennett v. Stephens, Ky., 293 S.W.2d 879.

The judgment is affirmed.