REGINALD MOSLEY and DORIS HENRIETTE MOSLEY, his wife,
Plaintiffs,

*vs.*

CHARLES H. WEST FARMS, INC., a corporation of the
State of Delaware,
Defendant.

*Kent, February 28, 1963.*

*Harold Schmittinger,* of Schmittinger & Rodriguez, Dover, for plaintiffs.

*Herman C. Brown* and *Harrison F. Turner,* of Brown & Brown, Dover, for defendant.

SEITZ, Chancellor: This is the decision on plaintiffs' motion for judgment on the pleadings after the filing of a complaint and answer in this action. Plaintiffs seek specific performance of a contract whereby defendant agreed to purchase certain parcels of real estate from them.

Defendant ("purchaser") contracted to purchase the aforesaid parcels for the sum of $63,000 of which $6,300 was paid down. The balance of $56,700 was due and payable at the time of settlement. The contract provided that at the settlement plaintiffs ("vendors") would deliver to defendant "a good marketable, fee simple title, free and clear of all liens and encumbrances". Since the property was subject to numerous liens of record, an informal agreement was reached between the attorneys for the parties that the purchaser's attorney would handle payment of the outstanding liens by application of the purchase price. The parties were to agree prior to the date of settlement on the amount due on each lien as of the date of settlement, and upon settlement the attorney for the purchaser was to effect payment of the debts, satisfaction of the record, and delivery to the vendors of the cancelled evidences of indebtedness.

One of the liens against the subject property is a mortgage in the names of Roland F. Beauchamp and Sara D. Beauchamp, his wife. The parties are agreed that the Beauchamps hold this mortgage debt by the entireties. Prior to settlement it became known to both the vendors and the purchaser that Mr. Beauchamp was a patient at the State Hospital at Farnhurst, an institution for the care of the mentally ill.

By January 17, 1963, the parties by their attorneys had agreed that the total sum necessary to pay off all liens (including the Beauchamp mortgage) plus interest, costs, counsel fees, and the real estate commission as of January 17, was $57,457.08. Thus, the total purchase price of $63,000 was more than sufficient to satisfy all the liens and the real estate commission as well. On January 17, plaintiffs tendered a deed to defendant which the latter rejected. The basis for the rejection was the concern of the purchaser over payment and satisfaction of the Beauchamp mortgage. Defendant maintained that the vendors were unable to convey marketable title free and clear of all liens and encumbrances pursuant to the terms of the contract. More particularly, defendant indicated that its sole objection was that in the absence of a trustee appointed in his behalf, Mr. Beauchamp lacked capacity either to discharge the debt or to satisfy the debt of record. Defendant insists that plaintiffs cannot perform their obligation under the contract until they cause the purported defect in title arising from this incapacity to be cleared.

Plaintiffs urged at the time that settlement be concluded by paying the balance due on the Beauchamp mortgage with a check made payable to Roland F. Beauchamp and Sara D. Beauchamp and delivered to Mrs. Beauchamp and by having Mrs. Beauchamp mark the mortgage record "satisfied". In the alternative, plaintiffs suggested that a trustee be appointed for Mr. Beauchamp within 60 days after the settlement, presumably at the instance of defendant, who would then satisfy the record of the mortgage. Parenthetically, both parties have tacitly assumed that such would be the appropriate procedure under Delaware law for satisfying the debt. Defendant was unwilling to proceed with settlement on this basis and suggested that an escrow arrangement be established whereby in addition to the funds necessary to satisfy the mortgage obligations through January 17, the sum of $3,000 would be set aside from the purchase price to cover the interest on the mortgage and other debts accruing until such time as a trustee for Mr. Beauchamp were appointed and both payment of the debt and satisfaction of the record finally concluded. Plaintiffs refused to accede to such an arrangement, and

no further action having been taken by either party, they instituted this suit for specific performance.

The issue presented in this case is I think reducible to this simple proposition: At the time of settlement did plaintiffs tender to defendant "marketable title" as agreed by the parties in their contract? Plaintiffs tacitly concede that title is not free of liens and encumbrances absent effective payment of the Beauchamp mortgage and effective satisfaction of the mortgage record. They contend, however, that payment to and satisfaction by Mrs. Beauchamp alone will remove the defect. As to payment, plaintiffs rely on the ordinary rule of law with respect to joint obligees that payment to one creditor constitutes payment to all. *Restatement, Contracts,* § 130; *Forbes v. First Camden National Bank & Trust Co.,* 25 *N.J.Super.* 17, 95 *A.2d* 416. Defendant contends, however, that whatever authority or power Mrs. Beauchamp might otherwise have had to receive payment of the debt was terminated by her husband's legal incapacity.

Next, plaintiffs' argument with respect to satisfaction of the mortgage record by Mrs. Beauchamp rests on their interpretation of 25 *Del.C.* § 2111, which provides that satisfaction may be entered by the "legal holder" of the mortgage. Plaintiffs say that either spouse is the "legal holder" and after receiving payment may record such satisfaction. Defendant's answer to this contention is twofold. First, defendant says that as a matter of statutory construction both spouses are together the "legal holder" of the mortgage. Secondly, it contends that at common law a satisfaction entered by one spouse alone is ineffective to release a debt held by the entireties. See *Pineo v. White,* 320 *Mass.* 487, 70 *N.E.2d* 294; *Campagna v. Campagna,* 337 *Mass.* 599, 150 *N.E.2d* 699. In any event, defendant, says, even if Mrs. Beauchamp might otherwise have the power to satisfy the record herself, the known incapacity of her husband prevents her from effectively taking such action.

Plaintiff's contentions here raise substantial questions of law which are presently undecided in this jurisdiction, even under circumstances where both spouses are *sui juris.* Moreover, they do not appear to have been resolved elsewhere, at least to the extent

that this court can say with confidence what the outcome would be if these issues were subsequently litigated by the Beauchamps in attacking the payment to and satisfaction by Mrs. Beauchamp alone. The Beauchamps are not parties to the present suit, and a final determination of these matters in this action would not be *res judicata* as to them. Thus, insofar as plaintiffs demand specific performance on the ground that action by Mrs. Beauchamp alone will suffice to clear title, such relief must be denied to them. *Kittinger v. Rossman*, 12 *Del.Ch.* 228, 110 *A.* 677.

■ Plaintiffs' alternative ground for relief is that even though such action by Mrs. Beauchamp alone would not suffice to clear title, nevertheless defendant was obliged to accept the deed tendered at the settlement and to take whatever steps were necessary to cause the mortgage to be fully discharged. The answer to this I think is that under the terms of the contract plaintiffs cannot shift to defendant the burden and risk of clearing a defect brought to their attention prior to the time of settlement. Compare *Webster v. Kings County Trust Co.*, 145 *N.Y.* 275, 39 *N.E.* 964; *Bean v. Brown*, 202 *Ky.* 215, 259 *S.W.* 47. Under the circumstances defendant was entitled to hold back the amount of the purchase price attributable to the Beauchamp mortgage.

■ I therefore conclude that plaintiffs' title is not presently marketable in the sense required by the contract. Thus, in the normal course of events the plaintiffs' motion would be denied. However, since defendant has indicated its willingness to go through with the transaction if plaintiffs will undertake to cause a trustee to be appointed for Roland F. Beauchamp to carry out, along with his wife, the discharge and satisfaction of the mortgage debt, I will grant specific performance on the condition that plaintiffs take within an agreed time the steps necessary to achieve that end. In view of the conclusions here reached interest payments on the outstanding debts will remain the burden of the plaintiffs until the condition has been successfully performed.

Present order on notice.