**CHESTER A. HICKS BUILDER & DEVELOPER INC., and Chester A. Hicks, individually, Appellants,**

v.

**Weslie R. CAPLE, Sr., and Magdalen H. Caple, Appellees.**

Court of Appeals of Kentucky.

June 25, 1971.

Rehearing Denied Dec. 17, 1971.

Robert E. Hogan, Louisville, for appellants.

Harry L. Hargadon, Sr., Hargadon, Hargadon, Lenihan & Harbolt, Howard B. Hunt, Louisville, for appellees.

EDWARD P. HILL, Jr., Judge.

On March 31, 1965, appellants entered into a contract with the appellees to purchase a tract of land located in Jefferson County containing approximately 37½ acres of unimproved land for a total sale price of $60,000.

Pursuant to the March contract, the appellees on July 1, 1965, executed a deed to the appellants conveying the land to the appellants. The appellants at that time paid $15,000 as a down payment provided in the March contract and executed three notes for $15,000 each, payable in one, two, and three years. The deed also retained a lien on the property to secure the payment of the three notes.

The appellants became in default in the payment of the first note. On May 15, 1967, suit was filed alleging fraud and misrepresentation, failure of consideration and other breaches of contract. In this suit, appellants sought to have the deed of conveyance rescinded and annulled, notes cancelled and the recovery of the down payment and other items plaintiffs claimed to have expended in an unsuccessful effort to develop the property.

The appellees filed answer and counterclaim in which they sought a foreclosure of the unpaid purchase-money lien and a sale of the property to satisfy the same.

The circuit court appointed a special commissioner to hear evidence and then file his report. After all the evidence was in, the special commissioner filed his report in which he found that the proof was not sufficient to justify granting any relief to appellants. To the contrary, the report recommended that a judgment be entered for the appellees herein for the unpaid purchase price and that a sale be directed to satisfy the judgment. The circuit court approved the commissioner's report and adopted the same as the findings of fact and conclusions of law and entered judgment pursuant thereto. This appeal followed. We affirm.

It is the contention of the appellants that (1) there was a failure of consideration, (2) the appellees first breached the contract, (3) the contract was contingent upon a condition precedent, (4) the acceptance of a deed did not preclude them from a right of rescission and/or damages, (5) the appellees were guilty of fraud, deceit and misrepresentation justifying a rescission, and (6) eviction was not necessary to entitle them to relief.

More specifically, the appellants' arguments reduced to essentials are that (1) there were certain encroachments on the south boundary of the property and (2) the mother of appellee Weslie R. Caple, Sr., retained a lien on the subject property to secure the payment to her by her son of $600 per year; both of which constituted a cloud upon the property which combined to prevent the Louisville Title Company from certifying the title to the land, thereby preventing the appellants from developing the land.

The appellants argue that the appellees promised and agreed in the contract and deed to give appellants an unencumbered, marketable title to the property. Appellants also contend that by paragraph seven of the contract, the same was contingent upon their securing approval of their proposed use of the land from the appropriate and pertinent offical agencies, including the Planning and Zoning Commission, Board of Health, Water Pollution Board, County Works Department, and others; that the defect in the title prevented the appellants from obtaining title insurance which resulted in the collapse of their whole scheme of development. Paragraph seven is quoted herewith:

"7. This sale is contingent upon the Buyer securing approval of his proposed use from the appropriate and pertinent official agencies, including the Planning and Zoning Commission, Board of Health, Water Pollution Board, and County Works Department and others, however, this transaction shall be closed and the Buyer shall take title to the property on or before ninety days from the date of this contract or the same shall be null and void."

Appellees contend they had no knowledge of the encroachments claimed by the appellants, and that after discovering same they obtained quitclaim deeds from those persons involved in the encroachments, but that the appellants declined to sign the quitclaim agreements. Appellees also contend that when the lien of the mother of appellee Weslie R. Caple, Sr., was brought to their attention, they caused the mother to join in release of her lien. Appellees claim those two items were only minor defects in the title and that they completely removed or offered to remove the "minor" cloud on the title of the property.

After the appellants perfected their design for the development of the proposed subdivision of the land in question, appellant Hicks apparently secured the approval of the Planning and Zoning Commission and other agencies. The only remaining item in the way of development was the execution of a third-party agreement relative to the sewage treatment plant. The appellants' attorney made application to the Louisville Title Company to execute this so-called third-party agreement, and on August 30, 1966, the Louisville Title Company issued a temporary insurance binder on the property in question in which it stated two "exceptions," pertaining to the lien of Caple's mother and the encroachment of the property owners to the south, with a request by the title company that the line on the south side of the property be established. The alleged encroaching property owners signed what are termed by the parties as quitclaim deeds, but which called for signature by the appellants and thus appear to have been joint agreements establishing the south boundary line of the tract in question. It is shown in the evidence by one of the officials of the title company that had the appellant signed the quitclaim deed, it would have promptly certified the title to the property and entered into the third-party agreement relative to the sewage treatment plant.

We should note at this point that there are only minor conflicts in the evidence in this case. Actually the case presents largely questions of law.

In Norman v. William Koch Motors, Inc., Ky., 342 S.W.2d 392, 393, this court said:

"* * * [I]t is the duty of the purchaser to point out any defect in title to which he objects and give the seller an opportunity to correct same within a reasonable time."

We think, as did the trial court, that the defects, if any, in the title of the subject property were minor ones and that appellees either corrected or offered to correct those defects and that they did not amount to fraud or misrepresentation as claimed by the appellants.

We find no error in the judgment appealed from, and therefore affirm it.

All concur.