Pauline EDWARDS and William D. Edwards, Appellants,

v.

Claude Thomas INMAN, Jr. and Anna Louise Inman, Appellees.

Claude Thomas INMAN, Jr. and Anna Louise Inman, Cross-Appellants,

v.

Pauline EDWARDS and William D. Edwards, Cross-Appellees.

Court of Appeals of Kentucky.

April 28, 1978.

Rehearing Denied June 6, 1978 and June 9, 1978.

Paul M. Lewis, Lewis, Bland & Preston, Elizabethtown, for appellants.

Nick L. Pearl, Pearl, Pearl & Pearl, Radcliff, for appellees.

Before COOPER, GANT and PARK, JJ.

COOPER, Judge.

This is an appeal from a judgment in the Hardin Circuit Court allowing the appellants credit for $1,200 in damages and allowing the appellees to recover the sum of $3,800 on a $5,000 deposit for the purchase of real estate.

The appellees, Claude and Anna Inman, made a $5,000 deposit on a contract for the purchase of a 212 acre farm owned by the appellants, Pauline and William Edwards, and the down payment was conditioned upon the appellees being able to get a loan commitment from the Federal Land Bank within fourteen (14) days after the signing of the contract. The Federal Land Bank felt the property was short of the contract acreage and a letter was sent out by the Federal Land Bank fifteen (15) days after the contract date stating that a survey must be obtained prior to any loan commitment being made. The appellants hired a surveyor to survey the property on October 6, 1973, and it was twenty-four (24) acres short of the contract acreage. This survey was never given to the Federal Land Bank and the loan commitment was never made. The appellants then decided to keep the down payment and refused to pay it back; therefore, the appellees sued for refund of the down payment.

A part of the contract of sale as shown by Plaintiff's Exhibit # 1 is as follows:

ELIZABETHTOWN, KENTUCKY. AUGUST 30, 1973. THROUGH the BRAWNER REALTY CO. AS AGENTS, I will give for the following described property in HARDIN COUNTY, KY., 212 ACRES more or less, located on RFD. 1 EAST VIEW, KY. With all improvements thereon, and known as MRS. TOM NORRIS FARM, NOW WILLIAM EDWARDS FARM, The sum of FIFTY THOUSAND DOLLARS ($50,000) Payable as follows, After down payment the balance will be paid cash upon delivery of deed. No growing crops will go with sale of farm. This bid of contingent upon the purchaser being able to get a loan. Possession of land will be given after crops are harvested. Two weeks will be aloud Loan committment. No timber will be cut off this farm from this date of contract.

An unemcombered, marketable title to said property is to be conveyed by deed, of General Warranty, with the usual covenants such as any title company will insure, except easements of record and all restrictions as to use and improvements of the property of record and any restrictions imposed by the Planing and Zoning Commission and except for aforementioned encumbrances, if any. DEED to be made on or before 60 days from this date. TAXES for 1973 will be paid by The sellers. POSSESSION of the above described property to be given on or before January 1, 1974. Possession of buildings will be held until January 1, 1974. If Loan is not approved the down payment will be refunded. AS evidence of good faith binding this contract, a deposite of $5,000.00 is made herewith to be applied on purchase price upon pasing of deed or refunded should title prove uninsurable or if offer is not accepted. (sic)

On the trial of said action the court instructed the jury as follows:

You will find from the evidence the amount of damages sustained by the defendants, Edwards, by reason of the failure of the plaintiffs, Inmans, to perform and comply with the contract about which you have heard evidence, not to exceed therefore the sum of $500.00 for real estate commission, $200.00 for cost of survey, $500.00 for attorney's fees and not exceeding $5,800.00 for the fair and reasonable rental value of said property, not exceeding the sum of $7,000.00, the

amount claimed; and you will offset such amount of damages as you may find the said defendants sustained with the sum of $5,000.00 received by them as a down payment outlined in said contract, and you will bring in a verdict for the difference between said sums to the party entitled thereto or offset one against the other, as you may believe the evidence justifies.

The jury returned a verdict for the appellees in the amount of $3,800 as the difference between the deposit made by the appellees and the damages that were mentioned in the court's instructions.

The main issue in this case is:

WHETHER THE VENDEES CAN RECOVER THEIR DEPOSIT ON A REAL ESTATE PURCHASE CONTRACT . BASED ON CERTAIN CONDITIONS WITH A THIRD PARTY WHICH NEVER OCCURRED, EVEN THOUGH THE VENDOR MAY HAVE EXPENDED SUMS FOR SURVEYS, ATTORNEY'S FEES AND REAL ESTATE COMMISSIONS.

It appears that the whole contract was contingent upon the ability of the appellees to obtain a loan from the Federal Land Bank within fourteen (14) days. However, the Bank felt there was a shortage in acreage and failed to grant the loan without a survey.

After having a survey made that indicated only 188 acres in the said tract, the appellants never submitted the survey to the Federal Land Bank, which resulted in an incomplete contract.

We do not think it necessary to discuss the 10% rule in this case as the contract was never completed. Undoubtedly, this shortage is the reason the Federal Land Bank demanded a survey, but was never presented to them.

In the case of *Green River Steel Corporation v. Globe Erection Company,* Ky., 294 S.W.2d 507 (1956), the court reaffirmed the well-established rule that a con( itional agreement is void if the condition does not occur. The court stated as follows at page 508:

As general rule, where an agreement is made subject to consent or approval of a third person, it is conditional on giving of such consent within reasonable time, in default of which the agreement will not become effective.

A Kentucky case which is very similar to the case at bar is *Guill v. Pugh,* 311 Ky. 90, 223 S.W.2d 574 (1949). In this case the court affirmed the lower court's directed verdict permitting the vendee to be refunded his down payment of a land purchase contract even though the vendee had rescinded the contract. In that case the court stated as follows at page 575:

We think the acts of the parties constitute a rescission of the contract as fully as though it had been done by agreement. Appellee rescinded her contract by notifying appellants she would not go through with it, and by filing this suit on April 23, one month after the contract, to require return of the amount paid thereunder. Appellants in effect rescinded the contract by selling the property to someone else while the suit was pending thus making it impossible for them to comply with the contract. . . . To allow them to retain the $500 down payment would result in an unjust enrichment at the expense of the appellee and to which they were not entitled under the terms of the contract. Forfeitures are not favored under the law and there is nothing in this contract which could be construed as giving appellants the right to forfeit this down payment, especially under the facts in this case where they gained by the nonconsummation of the contract.

■ In the absence of an agreement to the contrary, the burden is on the seller to pay for surveys and other incidentals in the sale of real estate.

■ The evidence did not support any finding that the appellees breached the contract and it was clearly erroneous for the lower court to direct the jury to find damages for the appellants under the facts in this case.

We have considered both the appeal and cross-appeal in this matter.

The judgment in case No. 76–198 is affirmed. The judgment is reversed on cross appeal No. 76–255, and the trial court is directed to enter judgment for the appellees in the amount of $5,000.00.

All concur.